Louis S. Ederer
Matthew T. Salzmann
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

JUDGE SCHEINDLIN

09 CV 4373

RECEIVED
MAY - 6 2009
U.S.D.C. S.D. N.Y.
CASHIERS

*Attorneys for Plaintiff Gucci America, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

GUCCI AMERICA, INC.,

               Plaintiff,

        - against -

GUESS?, INC. and GUESS ITALIA S.r.l.,

              Defendants.

-------------------------------------------------------------- x

Civil Action No. _____

**COMPLAINT**

Plaintiff Gucci America, Inc. ("Gucci"), by and through its attorneys, Arnold & Porter LLP, complains and alleges against defendants Guess?, Inc. and Guess Italia S.r.l. (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1.     Gucci seeks injunctive relief and damages pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act (15 U.S.C. §§ 1114, 1125(a) and (c)), Section 360-l of the New York General Business Law, and the common law of the State of New York.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act (15 U.S.C. § 1121), and 28 U.S.C. §§ 1331, 1332(a) and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants are subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to these claims occurred within this judicial district.

## THE PARTIES

4.      Gucci is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 685 Fifth Avenue, New York, New York.  Gucci is the sole and exclusive distributor in the United States of items bearing the world famous Gucci Trademarks (as defined herein) including, but not limited to, leather goods, clothing, accessories, home products, fragrances and perfumes, and jewelry and watches.

5.      Upon information and belief, defendant Guess?, Inc. ("Guess") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1444 South Alameda Street, Los Angeles, California.  Upon further information and belief, Guess maintains offices and is authorized to conduct business in the State of New York.

6.      Upon information and belief, defendant Guess Italia S.r.l. ("Guess Italia"), a wholly-owned subsidiary of Guess, is a corporation organized under the laws of Italy, having its principal place of business at via De' Cattani, Firenze (FI), Italy.  Upon further information and belief, Guess Italia actively collaborates with Guess regarding the design, manufacturing, advertising, marketing and licensing of apparel and accessory products for men, women and children.

## THE FAMOUS GUCCI BRAND, TRADEMARKS AND TRADE DRESS

7.      Gucci is the owner of, and the sole and exclusive distributor of fine leather goods, clothing, accessories, home products, fragrances and perfumes, and jewelry and watches sold under the world famous GUCCI brand name in the United States.  The GUCCI brand has

2

become synonymous with luxurious and elegant products and services. Moreover, the brand

owners of the GUCCI brand have long been recognized as worldwide leaders in the design,

advertising, marketing and distribution of premium, high quality products. Consumers and the

trade instantly identify Gucci as the source of all products bearing the GUCCI name and

affiliated trademarks.

***Gucci's Famous GREEN–RED–GREEN STRIPE Design Mark***

8.    Among the trademarks owned by Gucci is the world famous GREEN–RED–

GREEN STRIPE design mark — consisting of a distinctive green, red, green design pattern. The

GREEN–RED–GREEN STRIPE design mark is the subject of the following registrations, among

others, on the Principal Register in the United States Patent and Trademark Office (the

"USPTO"):

| **Mark** | **Reg. No.** | **Reg. Date** | **First Use** | **Wares/Services** | **Class(es)** |
|---|---|---|---|---|---|
|  | 1,483,526 | 4/5/1988 | 1967 | Footwear | 25 |
|  | 1,122,780 | 7/24/1979 | 1963 | Wallets, Purses, Handbags, Shoulder Bags, Clutch Bags, Tote Bags, Card Cases, Passport Cases, Cosmetic Cases, Attache Cases, Valises, Suitcases, Duffles, Necktie Cases, Umbrellas, Saddles, Bridles, Walking Sticks, Canes and Key Cases | 18 |

9.    Copies of the trademark registrations for the GREEN–RED–GREEN STRIPE

design mark are attached hereto as Exhibit A.

10.    The registrations for the GREEN–RED–GREEN STRIPE design mark are in full

force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

3

11.     Gucci has used the GREEN–RED–GREEN STRIPE design mark for many years on and in connection with the sale of high quality products, including on handbags, wallets, footwear, belts and jewelry, and has carefully monitored and policed the use of the GREEN–RED–GREEN STRIPE design mark.  Representative samples of Gucci products bearing the GREEN–RED–GREEN STRIPE design mark are attached hereto as Exhibit B.  Further, Gucci has expended substantial time, money and other resources in developing, advertising and otherwise promoting its GREEN–RED–GREEN STRIPE design mark.  As a result of these efforts, consumers readily identify merchandise bearing the GREEN–RED–GREEN STRIPE design mark as being high quality merchandise sponsored and approved by Gucci.

12.     Gucci's GREEN–RED–GREEN STRIPE design mark qualifies as a famous mark, as that term is used in 15 U.S.C. § 1125(c)(1).

**Gucci's Famous REPEATING INTERLOCKING GG Design Mark**

13.     Gucci is also the owner of the world famous REPEATING INTERLOCKING GG design mark — consisting of a distinctive interlocking GG pattern.  The REPEATING INTERLOCKING GG design mark is the subject of the following registrations, among others, on the Principal Register in the USPTO:

| Mark | Reg. No. | Reg. Date | First Use | Wares/Services | Class |
|---|---|---|---|---|---|
|  | 3,072,549 | 3/28/2006 | 1966 | Wallets, Purses, Handbags, Shoulder Bags, Clutch Bags, Tote Bags, Business Card Cases, Credit Card Cases, Partly and Wholly of Leather, Key Cases, Cosmetic Cases Sold Empty, Briefcases, Attache Cases, Valises, Suitcases and Duffles | 18 |
|  | 3,072,547 | 3/28/2006 | 1966 | Neckties, Scarves, Belts, Footwear and Gloves | 25 |

| Mark | Reg. No. | Reg. Date | First Use | Wares/Services | Class |
|---|---|---|---|---|---|
|  | 2,680,237 | 1/28/2003 | 2001 | Jewelry | 14 |

14.     Copies of the trademark registrations for the REPEATING INTERLOCKING GG design mark are attached hereto as Exhibit C.

15.     The registrations for the REPEATING INTERLOCKING GG design mark are in full force and effect.

16.     Gucci has used the REPEATING INTERLOCKING GG design mark for many years on and in connection with the sale of high quality products, including on handbags, footwear, scarves, belts, wallets and jewelry, and has carefully monitored and policed the use of the REPEATING INTERLOCKING GG design mark.  Representative samples of Gucci products bearing the REPEATING INTERLOCKING GG design mark are attached hereto as Exhibit D.  Further, Gucci has expended substantial time, money and other resources in developing, advertising and otherwise promoting its REPEATING INTERLOCKING GG design mark.  As a result of these efforts, consumers readily identify merchandise bearing the REPEATING INTERLOCKING GG design mark as being high quality merchandise sponsored and approved by Gucci.

17.     Gucci's REPEATING INTERLOCKING GG design mark qualifies as a famous mark, as that term is used in 15 U.S.C. § 1125(c)(1).

**Gucci's Famous INTERLOCKING GG Design Mark**

18.     Gucci is also the owner of the world famous INTERLOCKING GG design mark — consisting of a distinctive interlocking GG design.  The INTERLOCKING GG design mark is the subject of the following registrations, among others, on the Principal Register in the USPTO:

| Mark | Reg. No. | Reg. Date | First Use | Wares/Services | Class |
|---|---|---|---|---|---|
|  | 1,107,311 | 11/28/1978 | 1966 | Wallets, Purses, Handbags, Shoulder Bags, Clutch Bags, Tote Bags, Card Cases, Partly and Wholly of Leather, Key Cases, Passport Cases, Cosmetic Cases, Attache Cases, Valises, Suitcases, Duffles, Necktie Cases, Umbrellas, Saddles, Bridles, Walking Sticks, and Canes | 18 |
|  | 1,106,722 | 11/21/1978 | 1966 | Neckties, Scarves, Belts, Footwear, Shirts, Sweaters, Coats, Suits, Dressing Gowns, Hats, Socks, Dresses, and Bathing Suits | 25 |

19.    Copies of the trademark registrations for the INTERLOCKING GG design mark are attached hereto as Exhibit E.

20.    The registrations for the INTERLOCKING GG design mark are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

21.    Gucci has used the INTERLOCKING GG design mark for many years on and in connection with the sale of high quality products, including on handbags, footwear and belts, and has carefully monitored and policed the use of the INTERLOCKING GG design mark. Representative samples of Gucci products bearing the INTERLOCKING GG design mark are attached hereto as Exhibit F (*see also* Exhibit D). Further, Gucci has expended substantial time, money and other resources in developing, advertising and otherwise promoting its INTERLOCKING GG design mark. As a result of these efforts, consumers readily identify merchandise bearing the INTERLOCKING GG design mark as being high quality merchandise sponsored and approved by Gucci.

22.    Gucci's INTERLOCKING GG design mark qualifies as a famous mark, as that term is used in 15 U.S.C. § 1125(c)(1).

***Gucci's Famous STYLIZED G Design Mark***

23.     Gucci is also the owner of the world famous STYLIZED G design mark —

consisting of a distinctive G design.  The STYLIZED G design mark is the subject of the

following registrations, among others, on the Principal Register in the USPTO:

| **Mark** | **Reg. No.** | **Reg. Date** | **First Use** | **Wares/Services** | **Class(es)** |
|---|---|---|---|---|---|
|  | 3,037,082 | 1/3/2006 | 1997 | Eyeglass Frames and Sunglasses | 9 |
|  | 2,234,272 | 3/23/1999 | 1966 | Watches and Clocks | 14 |
|  | 2,042,805 | 3/11/1997 | 1994 | Handbags, Belts and Gloves | 18, 25 |

24.     Copies of the trademark registrations for the STYLIZED G design mark are

attached hereto as Exhibit G.

25.     The registrations for the STYLIZED G design mark are in full force and effect

and U.S. Trademark Registration Nos. 2,234,272 and 2,042,805 have become incontestable

pursuant to 15 U.S.C. § 1065.

26.     Gucci has used the STYLIZED G design mark for many years on and in

connection with the sale of high quality products, including on eyeglass frames, sunglasses,

watches, clocks, handbags, belts and gloves, and has carefully monitored and policed the use of

the STYLIZED G design mark.  Representative samples of Gucci products bearing the

STYLIZED G design mark are attached hereto as Exhibit H.  Further, Gucci has expended

substantial time, money and other resources in developing, advertising and otherwise promoting

its STYLIZED G design mark.  As a result of these efforts, consumers readily identify

merchandise bearing the STYLIZED G design mark as being high quality merchandise sponsored and approved by Gucci.

27.    Gucci's STYLIZED G design mark qualifies as a famous mark, as that term is used in 15 U.S.C. § 1125(c)(1).

**Gucci's Famous SCRIPT GUCCI Design Mark**

28.    Gucci is also the owner of the world famous SCRIPT GUCCI design mark — consisting of the Gucci word mark in a distinctive script. The SCRIPT GUCCI design mark is the subject of the following registration on the Principal Register in the USPTO:

| Mark | Reg. No. | Reg. Date | First Use | Wares/Services | Class |
|------|----------|-----------|-----------|----------------|-------|
| *Gucci* | 3,061,918 | 2/28/2006 | 1967 | Wallets, Purses, Handbags, Shoulder Bags, Clutch Bags, Tote Bags, Duffle Bags, Business Card Cases, Calling Card Cases, Credit Card Cases, Name Card Cases, Key Cases and Attache Cases | 18 |

29.    Copies of the trademark registrations for the SCRIPT GUCCI design mark are attached hereto as Exhibit I.

30.    The registration for the SCRIPT GUCCI design mark is in full force and effect.

31.    Gucci has used the SCRIPT GUCCI design mark for many years on and in connection with the sale of high quality products, including on handbags, wallets, purses, belts, jewelry and shoes, and has carefully monitored and policed the use of the SCRIPT GUCCI design mark. Representative samples of Gucci products bearing the SCRIPT GUCCI design mark are attached hereto as Exhibit J. Further, Gucci has expended substantial time, money and other resources in developing, advertising and otherwise promoting its SCRIPT GUCCI design mark. As a result of these efforts, consumers readily identify merchandise bearing the SCRIPT GUCCI design mark as being high quality merchandise sponsored and approved by Gucci.

32.     Gucci's SCRIPT GUCCI design mark qualifies as a famous mark as that term is used in 15 U.S.C. § 1125(c)(1). Hereinafter, Gucci's GREEN–RED–GREEN STRIPE design mark, REPEATING INTERLOCKING GG design mark, INTERLOCKING GG design mark, STYLIZED G design mark, and SCRIPT GUCCI design mark are collectively referred to as the "Gucci Trademarks."

### Gucci's Famous Diamond Motif Trade Dress

33.     In addition to the Gucci Trademarks, Gucci is the owner of the unique and distinctive trade dress for its interlocking GG diamond motif (the "Diamond Motif Trade Dress"). Consumers immediately recognize Gucci as the single source of high quality products bearing the Diamond Motif Trade Dress, including handbags, wallets, shoes, belts, hats and footwear.

34.     The Diamond Motif Trade Dress consists of a collocation of design elements that give the products bearing the Diamond Motif Trade Dress a distinct overall commercial impression. The following combination of design elements comprise the Diamond Motif Trade Dress:

(a)     Gucci's famous REPEATING INTERLOCKING GG design mark;

(b)     set in a repeating diamond-shaped pattern, with the INTERLOCKING GG design mark located at the four corners of each diamond shape;

(c)     separated by dots forming straight diagonal lines; and

(d)     overlaid on a beige canvas fabric.

A representation of Gucci's Diamond Motif Trade Dress appears below.



35.     Gucci has used the Diamond Motif Trade Dress for many years on and in connection with high quality products, including handbags, wallets, belts, hats and footwear. Representative samples of Gucci products bearing the Diamond Motif Trade Dress are attached hereto as Exhibit K.  Further, Gucci has expended substantial time, money and other resources in developing, advertising and otherwise promoting its Diamond Motif Trade Dress.  As a result of these efforts, consumers readily identify merchandise bearing the Diamond Motif Trade Dress as being high quality merchandise coming from Gucci.

### *Gucci's Extensive Efforts to Advertise and Promote the Gucci Trademarks and the Diamond Motif Trade Dress*

36.     Gucci has extensively advertised and promoted the products manufactured under the Gucci Trademarks and bearing the Diamond Motif Trade Dress.  For decades, the Gucci Trademarks and the Diamond Motif Trade Dress have received widespread exposure in the marketplace.  Over the years, millions of consumers have been exposed to the Gucci Trademarks the Diamond Motif Trade Dress through extensive advertising campaigns, in mainstream and fashion magazines and other periodicals, as depicted on television and in motion pictures, on the Internet, and in other forms of unsolicited media coverage.

37.     Further, over many years, Gucci has realized enormous and ever-increasing

success in its sales of products bearing the Gucci Trademarks and/or the Diamond Motif Trade

Dress, such sales totaling in the billions of dollars in the United States alone.

38.     Moreover, Gucci always endeavors to maintain the prestige and reputation for

quality and luxury associated with the GUCCI brand.  Strict quality control standards are

imposed in the manufacture of all GUCCI branded products.  Gucci's painstaking adherence to

only the highest quality standards has resulted in widespread and favorable public acceptance

among consumers for all products bearing the Gucci Trademarks and/or the Diamond Motif

Trade Dress.

39.     As a result of Gucci's extensive advertising and promotion, adherence to the

highest quality standards, and extraordinary sales success, the Gucci Trademarks and the

Diamond Motif Trade Dress, as well as other well known designs, logos and indicia introduced

by Gucci, are among the most widely-recognized trademarks and source-indicating indicia in the

United States, possessing strong secondary meaning among consumers and the trade,

immediately identifying Gucci as the exclusive source of the products to which they are affixed,

and signifying goodwill of incalculable value.

## DEFENDANTS' ACTS OF INFRINGEMENT AND UNFAIR COMPETITION

40.     Defendants are engaged in designing, manufacturing, advertising, promoting,

selling, and/or offering for sale apparel and accessory products for men, women and children

bearing logos and source-identifying indicia that are studied imitations of the Gucci Trademarks,

including a green-red-green stripe design, a repeating interlocking GG design, and interlocking

GG design, a stylized G design, and a script Guess design (collectively the "Infringing

Products").  Defendants advertise, promote and sell the Infringing Products through their own

retail stores, factory outlets, and Internet website <http://shop.guess.com/>, as well as through a

vast network of third parties who purchase such products from Defendants at wholesale. Copies of printouts from Defendants' website, and the websites of third parties which sell Defendants' products at retail, depicting examples of the Infringing Products are attached hereto as Exhibit L.

41.    Moreover, Defendants are engaged in designing, manufacturing, advertising, promoting, selling, and/or offering for sale apparel and accessory products for men, women and children bearing logos and source-identifying indicia that are studied imitations of Gucci's Diamond Motif Trade Dress (the "Infringing Trade Dress Products"). Copies of printouts from Defendants' website, and the websites of third parties which sell Defendants' products at retail, depicting examples of the products bearing the Infringing Trade Dress Products are attached hereto as Exhibit M.

42.    Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, sell, and/or offer for sale the Infringing Products and the Infringing Trade Dress Products, unless otherwise restrained.

43.    Defendants are well aware of the extraordinary fame and strength of the Gucci Trademarks and Diamond Motif Trade Dress, and the incalculable goodwill symbolized thereby, and that the Infringing Products and/or the Infringing Trade Dress Products cannot be used as indicators of source or sponsorship for the products they are manufacturing, advertising and/or distributing. Accordingly, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Gucci's rights in the Gucci Trademarks and the Diamond Motif Trade Dress.

44.    Together with, and in addition to the Infringing Products and/or the Infringing Trade Dress Products, Defendants are using various other design elements and designations, including, but not limited to certain fonts, typefaces, designs and graphic designs that are

knockoffs of design elements and designations used by or associated with Gucci (the "Knockoff Design Elements"), all with the deliberate intention to cause consumers and the trade to believe that their products and product lines are authorized, sponsored, approved, endorsed or licensed by Gucci, or that Defendants are in some way affiliated with Gucci. Side-by-side examples of certain products bearing design elements and designations used by or associated with Gucci, and products bearing Defendants' corresponding Knockoff Design Elements, are attached hereto as Exhibit N.

45.     Defendants' advertisement, promotion and sale of products bearing the Knockoff Design Elements is part of a sophisticated and elaborate scheme to target Gucci, to create products that are similar in appearance to the most popular and best-known Gucci products, and to trade upon the goodwill and reputation associated with Gucci and its high quality, distinctive product lines. Indeed, in many instances, Defendants have replicated entire Gucci product designs, to the point that there appears to be a concerted effort to "Gucci-ize" Defendants' product line.

46.     Rather than going through the effort and expense of developing and creating their own unique designs, Defendants have chosen to target Gucci by knowingly and slavishly replicating Gucci's world famous design elements and designations, so that they can take advantage of the markets and demand Gucci has created for such designs without having to incur the developmental, promotional and advertising expenses that Gucci has incurred.

47.     Upon information and belief, Defendants' pervasive use of the Knockoff Design Elements is a blatant attempt to misappropriate the skills, expenditures and labors of Gucci, and profit from the commercial advantage Gucci has established, and the international recognition Gucci has achieved for its famous design elements and designations.

48.     Upon further information and belief, Defendants intend to continue to sell products bearing the Knockoff Design Elements, and will continue to misappropriate additional design elements and designations associated with Gucci, unless otherwise restrained.

### FIRST CLAIM FOR RELIEF
### TRADEMARK COUNTERFEITING (15 U.S.C. §§ 1114(1)(a), 1116)

49.     The allegations set forth in paragraphs 1 through 43 hereof are adopted and incorporated by reference as if fully set forth herein.

50.     Defendants, without authorization from Gucci, have used and are continuing to use, spurious designations that are identical to, or substantially indistinguishable from, Gucci's GREEN–RED–GREEN STRIPE design mark.

51.     The foregoing acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Defendants' products are genuine or authorized products of Gucci.

52.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), and Section 34 of the Lanham Act (15 U.S.C. § 1116).

53.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

54.     Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe Gucci's GREEN–RED–GREEN STRIPE design mark, unless restrained by this Court.

55.     Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

14

## SECOND CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a))

56.     The allegations set forth in paragraphs 1 through 43 hereof are adopted and incorporated by reference as if fully set forth herein.

57.     Defendants' Infringing Products are intended to cause, have caused and are likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to whether they originate from, or are affiliated with, sponsored by, or endorsed by Gucci.

58.     Upon information and belief, Defendants have acted with knowledge of Gucci's ownership of the Gucci Trademarks and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

59.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

60.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

61.     Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe the Gucci Trademarks, unless restrained by this Court.

62.     Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

63.     The allegations set forth in paragraphs 1 through 43 hereof are adopted and incorporated by reference as if fully set forth herein.

64.     The Diamond Motif Trade Dress is used in commerce, is non-functional, is inherently distinctive and has acquired secondary meaning in the marketplace.

65.    Defendants, without authorization from Gucci, have designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Diamond Motif Trade Dress — *i.e.*, the Infringing Trade Dress Products.

66.    Defendants' acts are calculated to deceive, or are likely to deceive, consumers who recognize and associate the Diamond Motif Trade Dress with Gucci. Moreover, this conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the source of the Infringing Trade Dress Products, or as to a possible affiliation, connection or association between Gucci and Defendants and/or the Infringing Trade Dress Products.

67.    Upon information and belief, Defendants thereby have willfully infringed Gucci's rights in the Diamond Motif Trade Dress.

68.    Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

69.    Upon information and belief, Defendants intend to continue their willfully infringing acts, and will continue to willfully infringe Gucci's Diamond Motif Trade Dress, unless restrained by this Court.

## FOURTH CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

70.    The allegations set forth in paragraphs 1 through 43 hereof are adopted and incorporated by reference as if fully set forth herein.

71.    Defendants' promotion, distribution, sale and offering for sale of the Infringing Products and the Infringing Trade Dress Products, together with Defendants' use of other designations and indicia associated with Gucci, is intended, and is likely to confuse, mislead, or

deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products and the Infringing Trade Dress Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products and the Infringing Trade Dress Products have been authorized, sponsored, approved, endorsed or licensed by Gucci, or that Defendants are in some way affiliated with Gucci.

72.     Defendants' acts constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

73.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

74.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

75.     Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### TRADEMARK DILUTION (15 U.S.C. § 1125(c))

76.     The allegations set forth in paragraphs 1 through 43 hereof are adopted and incorporated by reference as if fully set forth herein.

77.     Gucci is the exclusive owner of the Gucci Trademarks in the United States.

78.     The Gucci Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

79.     The Gucci Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

80.     Defendants' use of the Infringing Products, without authorization from Gucci, is

diluting the distinctive quality of the Gucci Trademarks and decreasing the capacity of such marks to identify and distinguish Gucci's goods.

81. Defendants have intentionally and willfully diluted the distinctive quality of the famous Gucci Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

82. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

83. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

84. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

85. The allegations set forth in paragraphs 1 through 43 hereof are adopted and incorporated by reference as if fully set forth herein.

86. Gucci owns all right, title, and interest in and to the Gucci Trademarks as aforesaid, including all common law rights in such marks.

87. The aforesaid acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

88. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

89. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

90. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## TRADEMARK DILUTION (N.Y. G.B.L. § 360-L)

91.     The allegations set forth in paragraphs 1 through 43 hereof are adopted and incorporated by reference as if fully set forth herein.

92.     Gucci is the exclusive owner of the Gucci Trademarks throughout the United States, including the State of New York.

93.     Through prominent, long and continuous use in commerce, including commerce within the State of New York, Gucci Trademarks have become and continue to be famous and distinctive.

94.     By the acts described herein, Defendants have diluted the distinctiveness of the Gucci Trademarks and have caused a likelihood of harm to Gucci's business reputation in violation of New York General Business Law § 360-1.

95.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

96.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

97.     Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

98.     The allegations set forth in paragraphs 1 through 48 hereof are adopted and incorporated by reference as if fully set forth herein.

99.     The aforesaid acts of Defendants constitute unfair competition in violation of the common law of the State of New York.

100.    Upon information and belief, by their acts, Defendants have made and will make

substantial profits and gains to which they are not in law or equity entitled.

101.   Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

102.   Defendants' acts have damaged and will continue to damage Gucci by, among other things, diluting the exclusivity and distinctiveness of the Gucci product line, and Gucci has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Gucci demands judgment against Defendants as follows:

1.   Finding that (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have diluted the Gucci Trademarks in violation of New York General Business Law § 360-1; (iii) Defendants have engaged in trademark infringement and unfair competition under the common law of New York; and (iv) Defendants have been unjustly enriched in violation of New York common law.

2.   Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from:

(a)   manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products which bear the Gucci Trademarks, the Diamond Motif Trade Dress, or any other mark substantially or confusingly similar thereto, including, without limitation, the Infringing Products and the Infringing Trade Dress Products, and engaging in any other activity constituting an infringement of any of Gucci's rights in the Gucci Trademarks, the Diamond Motif Trade Dress, or any other trademark owned by Gucci; and

(b)     engaging in any other activity constituting unfair competition with Gucci, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of design elements and designations associated with Gucci; and

(c)     engaging in any activity that will cause the distinctiveness of the Gucci Trademarks or the Diamond Motif Trade Dress to be diluted.

3.     Directing such other relief as the Court may deem appropriate to prevent the public from deriving any erroneous impression that any product at issue in this case that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale or sold by Defendants, has been authorized by Gucci, or is related to or associated in any way with Gucci or its products.

4.     Directing that Defendants account to and pay over to Gucci all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

5.     At its election, awarding Gucci statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

6.     Awarding Gucci its actual damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

7.     Awarding Gucci its costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act (15 U.S.C. § 1117).

8.     Requiring Defendants to deliver up to Gucci for destruction or other disposition all remaining inventory of all Infringing Products and Infringing Trade Dress Products, including all advertising, promotional and marketing materials therefor, as well as all means of making same.

9.      Awarding Gucci pre-judgment interest on any monetary award made part of the judgment against Defendants.

10.     Awarding Gucci such additional and further relief as the Court deems just and proper.

Dated: New York, New York            ARNOLD & PORTER LLP
      May 6, 2009

By:       _Louis S. Ederer_

                Louis S. Ederer
                louis.ederer@aporter.com
                Matthew T. Salzmann
                matthew.salzmann@aporter.com
                399 Park Avenue
                New York, New York 10022
                (212) 715-1000

                *Attorneys for Plaintiff Gucci America, Inc.*