UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

GUCCI AMERICA, INC.,

        Plaintiff,

- against -

GUESS?, INC., MARC FISHER FOOTWEAR
LLC, THE MAX LEATHER GROUP/CIPRIANI
ACCESSORIES, INC., SEQUEL AG, K&M
ASSOCIATES L.P., VIVA OPTIQUE, INC.,
SIGNAL PRODUCTS, INC. and SWANK, INC.,

        Defendants.

------------------------------------------------------------ x

Civil Action No. 09cv4373
(SAS)(JLC)

**DECLARATION OF CHERYL SOLOMON**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
GUCCI AMERICA, INC.,

        Plaintiff,

- against -

GUESS?, INC., MARC FISHER FOOTWEAR
LLC, THE MAX LEATHER GROUP/CIPRIANI
ACCESSORIES, INC., SEQUEL AG, K&M
ASSOCIATES L.P., VIVA OPTIQUE, INC.,
SIGNAL PRODUCTS, INC. and SWANK, INC.,

        Defendants.
-------------------------------------------------------------- x

Civil Action No. 09cv4373 (SAS)

    CHERYL A. SOLOMON hereby declares as follows under penalty of perjury:

    1.    I am General Counsel of Gucci Group, based in London, England. I have held that position since November 2004. Gucci Group is a multi-brand luxury goods company with a portfolio of brands including Gucci, Alexander McQueen, Balenciaga, Bottega Veneta, Boucheron, Sergio Rossi, Stella McCartney and Yves Saint Laurent. Gucci Group N.V., a Dutch company and the top-level holding company of Gucci Group, is the parent company of, among others, various entities that own the world famous GUCCI brand, including plaintiff Gucci America, Inc. ("GA"), and Guccio Gucci S.p.A. ("GG") of Italy.

    2.    I received my J.D. degree from the University of Pennsylvania Law School in 1995. Immediately thereafter, I served as the law clerk to the Honorable Marjorie O. Rendell, who was then a United States District Court Judge for the Eastern District of Pennsylvania. After completing my clerkship, I joined the Washington, D.C. office of Crowell & Moring LLP as a litigation associate. Thereafter, in June 2000, I joined the New York office of Gibson, Dunn

1

NY: 508749v1

& Crutcher LLP as an associate in the litigation department. I remained with Gibson Dunn, rising to the position of Of Counsel in 2004, until I joined Gucci Group.

3. I was admitted to the state bars of Texas, the District of Columbia and New York in 1995, 1996 and 2001 respectively. I remain an active member of the New York and District of Columbia bars to this date.

4. As General Counsel of Gucci Group, I am responsible for overseeing Gucci Group's global legal team, which consists of more than thirty legal professionals located in Europe, North America and Asia. In particular, the General Counsel of GG reports directly to me.

5. In late 2004, when I joined Gucci Group, the General Counsel of GG was Carlo Imo. In order to carry out his direct reporting responsibilities, Mr. Imo and I were in near daily e-mail contact regarding various legal issues that concerned GG. In addition, Mr. Imo and I would talk on the phone at least once a week, and would have face-to-face meetings once a month, during which Mr. Imo would brief me on all important legal matters at GG, and seek my input and concurrence.

6. Mr. Imo served as GG's General Counsel until approximately September 2007, at which time he was appointed General Counsel of Gucci Group Asia Pacific, a GG affiliate based in Hong Kong.

7. Mr. Imo's successor was GG's current General Counsel Mrs. Daniela Della Rosa. As with Mr. Imo, Mrs. Della Rosa reports directly to me. Mrs. Della Rosa also communicates frequently with me on GG legal matters, and seeks my input and concurrence on important matters, including the Guess matter that is the subject of this case.

2

8. In addition to communicating with Mrs. Della Rosa on a regular basis, I also discuss intellectual property-related matters that concern GG directly with Mr. Vanni Volpi, GG's Intellectual Property Counsel. Mr. Volpi, who has substantial experience in trademark protection and enforcement matters for luxury goods brands, having previously worked for Chanel and Louis Vuitton, was hired by GG in August 2006.

9. While Mr. Volpi directly reports to Mrs. Della Rosa, and operates under her supervision and direction, Mr. Volpi frequently communicates with me to obtain my input regarding important intellectual property issues. This is particularly the case where Mr. Volpi has been instructed by Mrs. Della Rosa to investigate potential intellectual property litigation and other enforcement initiatives that may include the US market.

10. In or about March 2008, I contacted Mr. Volpi regarding a Guess product that came to my attention that appeared to me to be an infringement of GG's trademark rights. After discussing this issue with Mrs. Della Rosa and Mr. Volpi, I understood that Mr. Volpi was assigned to further investigate Guess' activities in various jurisdictions. Subsequently, in or about October 2008, I also contacted Mr. Volpi regarding another Guess product that came to my attention.

11. Throughout Mr. Volpi's investigation, I received reports from him and Mrs. Della Rosa about the results of his investigation. Then, in November 2008, Mr. Volpi orally provided me with a summary of his investigation.

12. Thereafter, in late November 2008, I attended a meeting with Mr. Volpi, Jonathan Moss, in-house legal counsel for GA, and outside counsel. The purpose of the meeting was to review the findings of Mr. Volpi's investigation, and to discuss Gucci's strategy for dealing with Guess' infringing activity.

3

NY: 508749v1

13. Following a discussion at that meeting of the investigation conducted to that point, GG and GA began their final preparation for litigation against Guess in Italy and the U.S., including further factual investigation of Guess' activities in both countries.

Declared under penalty of perjury this 30th day of March, 2010.

_____
CHERYL A. SOLOMON

4

NY: 508749v1