USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUCCI AMERICA, INC.,                              :

               Plaintiff,                    :     MEMORANDUM AND ORDER

   -v-                                                         :     09 Civ. 4373 (SAS) (JLC)

GUESS?, INC., et al.,                                  :

               Defendants.                :
------------------------------------------------------------X

JAMES L. COTT, United States Magistrate Judge.

      By motion dated April 2, 2010, Plaintiff Gucci America, Inc. ("Gucci") moved pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a protective order against the disclosure of communications of its in-house legal counsel Jonathan Moss and non-party Guccio Gucci S.p.A.'s in-house intellectual property counsel Vanni Volpi, which Gucci alleges are privileged. The following day, after the motion papers had been filed, Gucci submitted a letter requesting that the Court "issue an order directing the Clerk of the Court to seal the motion papers, at least on a temporary basis, until further order of the Court." Letter from Louis S. Ederer, dated April 3, 2010. The articulated reason for the request was that the motion papers contain "certain personal, non-public information about Mssrs. Moss and Volpi." Id. Counsel did not cite to any authority, case law or otherwise, in support of this application.

      In response, by letter dated April 4, 2010, counsel for defendant Guess?, Inc. ("Guess") opposed the request for a sealing order, arguing that Gucci had not met its burden of demonstrating a "compelling justification" for overcoming the common-law and constitutional presumptions of public right of access to these judicial documents (and directing the Court to Magistrate Judge Dolinger's decision in In re Omnicom Group, Inc. Secs. Litig., No. 02 Civ.

USDC SDNY
DATE SCANNED 4/8/10

4483, 2006 WL 3016311 (S.D.N.Y. Oct. 23, 2006)), in which the Court declined to file under seal letter briefs and other materials submitted to the Court as part of an application to compel defendants to produce documents that they claimed were protected by the attorney-client privilege). Letter from Robert C. Welsh, dated April 4, 2010, at 1. Guess claimed that Gucci's justification for the sealing was insufficient because it was entirely conclusory in nature.

Presumably in light of the presumption of the public right of access, Gucci has now proposed in a further submission to limit its sealing application "to those portions of its motion papers that relate to Moss, and, in particular, the circumstances that gave rise to his termination." Letter from Louis S. Ederer, dated April 5, 2010 ("April 5 Ederer Letter"). Gucci repeats its proposal that the sealing be "temporary" while the Court considers the motions, following which the Court can determine whether it is appropriate to continue any sealing order. Id. Gucci relies on the Second Circuit's decision in Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 96 (2d Cir. 2004), for the proposition that the presumption of public access is rebuttable where privacy concerns were demonstrated and a sealing order is narrowly tailored.

As a threshold matter, Gucci's request for a sealing order comes too late. The motion papers were publicly filed on April 2, and Gucci did not make an application to seal them until after they had been placed on the public record. Indeed, the press has already published articles about Gucci's motion, and about Moss's termination in particular, including an article on the front page of today's New York Law Journal. See, e.g., Sue Reisinger, Privilege Contested Due to Lawyer's Inactive Bar Status, N.Y.L.J., Apr. 8, 2010, at 1; Debra Cassens Weiss, Gucci Discovers In-House Lawyer Held Inactive Status, Says Privilege Still Applies, http://www.abajournal.com/news/article/gucci_discovers_in-house_lawyer_held_inactive_status

_says_privilege_still_a (April 7, 2010); Jim Middlemiss, Legal News, Gucci Fires Chief Lawyer Over Law License, http://network.nationalpost.com/NP/blogs/legalpost/archive/2010/04/07/gucci-fires-chief-lawyer-over-law-license.aspx (April 7, 2010); Kashmir Hill, In-House (and Inactive) Lawyer of the Day: Jonathan Moss, http://abovethelaw.com/2010/04/in-house-and-inactive-lawyer-of-the-day-jonathan-moss/ (April 6, 2010). As the Second Circuit remarked in somewhat analogous circumstances, the Court "simply do[es] not have the power, even were [it] of the mind to use it if [it] had, to make what has thus become public private again." Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004) (employer that had settled discrimination action on confidential terms not entitled to have sealed district court's reference to "multimillion-dollar settlement" contained in published order unsealing certain temporarily sealed documents, as there was no way to render private what had been made public). See also Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 197, 205-06 (S.D.N.Y. 2007) (attorney who contended that print publications dedicated to covering the maritime industry would publicize a sanctions proceeding not entitled to protective order sealing papers and proceedings related to sanctions application in light of extensive information regarding attorney's conduct already in the public domain and not within scope of protective order sought by counsel).[1]

---

[1] Under Rule 201 of the Federal Rules of Evidence, "[a] court may take judicial notice, whether requested or not" of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)-(c). Here, there can be little question that the Court can take judicial notice of the articles published in the New York Law Journal and on the Internet related to Gucci's pending motion. In finding that a district court did not err during a supervised release revocation
(continued...)

Even if there had not been information related to Moss and his termination already in the public domain, the Court would still deny the motion because, on the record presented to the Court, Gucci has not overcome the presumption of public access to court records, which "is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). As the Second Circuit has explained, "[t]he presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

In Lugosch, the Second Circuit articulated a three-step process for determining whether documents should be placed under seal. First, a court must determine whether "the documents at issue are indeed 'judicial documents,'" that is, "item[s] . . . relevant to the performance of the judicial function and useful in the judicial process." 435 F.3d at 119 (quotation omitted). Second, if the court determines that the materials to be sealed are judicial documents, then it must determine the weight of the presumption of access. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quotation omitted). As the Circuit explained, "[g]enerally, the information

---

¹(...continued)
hearing in considering information confirmed by its own Internet search, the Second Circuit recently noted: "As the cost of confirming one's intuition decreases, we would expect to see more judges doing just that. More generally, with so much information at our fingertips (almost literally), we all likely confirm hunches with a brief visit to our favorite search engine that in the not-so-distant past would have gone unconfirmed." United States v. Bari, No. 09-1074-cr, 2010 WL 1006555 at * 4 (2d Cir. March 22, 2010).

4

will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Id. (quotation omitted). Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it." Id. at 120. "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Id. (quotation omitted).

The motion papers at issue here clearly constitute "judicial documents." They consist of declarations and a memorandum of law in support of a protective order against the disclosure of the purportedly privileged communications of Gucci's in-house counsel. They are plainly "relevant to the performance of the judicial function and useful in the judicial process." Lugosch, 435 F.3d at 119 (quotation omitted); Omnicom, 2006 WL 3016311 at *4 (motion papers addressed to discovery dispute deemed judicial documents triggering public access presumption).

Having determined these materials are judicial documents, the Court must then evaluate whether any countervailing factors outweigh the relatively strong presumption of access in these circumstances. Gucci has proposed to seal "those portions of its motion papers that relate to Moss, and, in particular, the circumstances that gave rise to his termination." April 5 Ederer Letter, at 1. It does not make "a particular and specific demonstration of fact" showing that continued public availability "would result in an injury sufficiently serious to warrant protection: broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." In re Parmalat Secs. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009). All Gucci offers is the general statement that it does not believe that its "deliberative process for addressing

5

employment issues of this nature, which was completely confidential, even within the company, needs to be made public." April 5 Ederer Letter, at 1. Significantly, it does not particularize what portions of its papers it proposes to seal, leaving the Court left to speculate what Gucci has in mind. It is virtually impossible for the Court to do so, since arguably all of Gucci's motion papers "relate to Moss" at least in some fashion. See Prescient Acquisition Group, Inc. v. MJ Publ'g Trust, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007) (court *sua sponte* required party seeking to maintain court filings under seal to "identif[y] with particularity (i.e. page and line) the precise information . . . which the party maintains should be kept under seal [and] demonstrat[e] the particular need for sealing the information"). In sum, Gucci's conclusory assertions do not come close to satisfying the requirements for a sealing order, and do not overcome the strong presumption of public access. While the Court understands Gucci's desire not to air publicly a sensitive personnel matter, it cannot accommodate a desire to shield that information without "undermining the tradition of an open judicial system." Lugosch, 435 F.3d at 123 n.5 (quotation omitted). As Judge Castel observed in Prescient Acquisition, a "generalized concern of adverse publicity" is not a sufficiently compelling reason to outweigh the presumption of access. 487 F. Supp. 2d at 376.

For all these reasons, Gucci's application to seal those portions of its motion papers that relate to Moss, and in particular, the circumstances giving rise to his termination, is denied.

SO ORDERED.

Dated: New York, New York
April 8, 2010

_____
JAMES L. COTT
United States Magistrate Judge

**Copies of this Order are being sent by ECF to:**

Louis S. Ederer
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022

Robert C. Welsh
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Mark I. Peroff
Darren W. Saunders
Hiscock & Barclay LLP
7 Times Square
New York, NY 10036

Paul Fields
Leason Ellis LLP
81 Main Street, Suite 503
White Plains, NY 10601

John T. Williams
Hinkhouse Williams Walsh LLP
180 North Stetson, Suite 3400
Chicago, IL 60601