UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GUCCI AMERICA, INC.,                                    Civil Action No. 09cv4373
                                                        (SAS)(JLC)
                Plaintiff,

                                                           **AFFIDAVIT OF**
     -against-                                     **JONATHAN MOSS**

GUESS? Inc., MARC FISHER FOOTWEAR LLC, THE MAX
LEATHER GROUP/CIPRIANI ACCESSORIES, INC.,
SEQUEL AG, K&M ASSOCIATES L.P., VIVA OPTIQUE,
INC., SIGNALPRODUCTS, INC. and SWANK, INC.,

                Defendants.
-----------------------------------------------------------------X
STATE OF NEW YORK    )
                             )ss.:
COUNTY OF NEW YORK  )

    JONATHAN MOSS, duly sworn, deposes and says:

    1.    I submit this affidavit in connection with the motion for a protective order dated April 4, 2010 (the "Motion") filed by Gucci America, Inc. ("Gucci"). While I am not a party (and although I support Gucci's Motion), I am at the center of the Motion and it is important to address certain allegations as a matter of professional responsibility. Except where I otherwise state or I discuss, as necessary to my explanation, my understanding of rules/law, I have personal knowledge of the facts set forth herein.

    2.    On March 1, 2010, Gucci terminated my employment, stating as its reason my failure to maintain active bar status in California. Gucci has alleged in its Motion that I was not forthcoming about having "inactive" status in California and that I "withheld" this information from it. Further, Gucci alleges that it terminated my employment for cause because I "deceived" it and because it "question[ed] my trustworthiness." These allegations are inconsistent with the facts and are untrue.

3. I never admitted to Gucci that I withheld information regarding my bar status or that I was not forthcoming to Gucci. Both of these contentions are inaccurate; I did not act in an untruthful or misleading manner.

4. It is not and was never my understanding that inactive bar status in California means that a lawyer who is otherwise in good standing is not able to practice law outside of California. To the contrary, I understood (and understand) that pursuant to the California Business and Professional Code, working as an in-house attorney with "inactive status" (as defined in California), is permissible so long as the inactive member is not practicing law "in California." California Business and Professions Code Sections 6125-6126 define inactive status in a manner that creates two categories: lawyers on inactive status due to (i) their voluntary choice; and (ii) involuntary action against them (such as discipline).

5. In my circumstance, I voluntarily changed my bar status from active to inactive in 1996 when I was living in California and joined a consulting company and was not then engaged in the practice of law.

6. Because my status was changed voluntarily, I understood that this status should not impede me from practicing law in another state as an in-house lawyer.

7. I understand that the California Supreme Court has held that an attorney whose inactive status was discovered by a client after representing him did not adversely impact that representation. *The People v. Tin Trung Ngo*, 14 Cal. 4th 30 (1996).

8. Therefore, I believe that Gucci's basis for terminating my employment is inconsistent with the facts and the law, and that my inactive status should not interfere with the attorney-client-privilege that attached to my communications with Gucci.

9. Finally, also in response to allegations asserted by Gucci, it is necessary to set forth some additional facts. When I joined Gucci there was no in-house legal department and all legal matters (apart from trademark litigation) were outsourced to Patton Boggs & Blow ("PBB"). One of PBB's partners (George Borababy) acted as Gucci's counsel and served as Secretary, attending to the day-to-day legal activities. As part of my interview to join Gucci, I met with Gucci's then Chief Financial Officer and then with Mr. Borababy and another member of PBB.

10. When I was hired, I believed it was permissible to work as an in-house counsel for a company in another state even though I was not admitted to practice in that state. I did not believe that my inactive status in California limited my ability to practice law in any other jurisdiction where such practice was permissible.

11. Gucci alleges that my initial position at Gucci was a non-lawyer position. This is contrary to my recollection as to the terms of my offer letter and to my introduction to others at Gucci on my first day of work as a legal associate (via e-mail). Furthermore, my salary was substantially in excess of what would be paid to a paralegal or other non-lawyer, and at that stage in my career I would not have moved from California to New Jersey simply to work as a paralegal.

12. During my eight years at Gucci, my accomplishments included the creation of the company's in-house legal department and establishment of an in-house trademark and anti-counterfeiting program, which previously did not exist at Gucci. Gucci gave me exceptional performance reviews, and it promoted me from Legal Associate to Director to Vice President of Legal and Real Estate and Corporate Secretary.

The "issue" of my inactive bar status never came up. I had no reason to, and did not, hide this status from anyone.

13. Upon becoming aware that having inactive status might be an issue, I promptly converted it to active status, a process so simple that there would be, and was, no reason for me not to have done this earlier if I understood it to be an issue, which I did not. While working for Gucci, it paid my annual bar fees to California based upon annual statements which indicated my inactive status and which were submitted to Gucci for payment. I also believe that I attended Continuing Legal Education ("CLE") exceeding the requirements for active status.

14. In short, while I support Gucci's Motion, Gucci is incorrect in alleging that I did anything misleading or inappropriate.

_____
JONATHAN MOSS

Sworn to before me
this 16th day of April 2010

_____
Notary Public

MICHELA M. BUSARDO
Notary Public, State of New York
No. 01BU6163942
Qualified in New York County
Commission Expires April 9, 20__

4