UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUCCI AMERICA, INC., <br><br>        Plaintiff,<br><br>-against-<br><br>GUESS?, INC., MARC FISHER FOOTWEAR LLC, THE MAX LEATHER GROUP/CIPRIANI ACCESSORIES, INC., SEQUEL AG. K&M ASSOCIATES L.P., VIVA OPTIQUE, INC., SIGNAL PRODUCTS, INC. and SWANK, INC.,<br><br>        Defendant. | Civil Action No. 09cv4373 (SAS)(JLC)<br><br>**DEFENDANT GUESS?, INC.'S OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF GUCCI AMERICA INC.'S MOTION FOR A PROTECTIVE ORDER AGAINST THE DISCLOSURE OF THE PRIVILEGED COMMUNICATIONS OF PLAINTIFF'S IN-HOUSE LEGAL COUNSEL JONATHAN MOSS** |

Defendant Guess?, Inc. ("Guess") hereby objects to the evidence offered in support of Plaintiff Gucci America, Inc.'s ("Gucci") Motion Pursuant to Federal Rule 26(c) for a Protective Order Against the Disclosure of the Privileged Communications of Plaintiff's In-House Legal Counsel Jonathan Moss.

**I.      Objections to Supporting Declarations**

     **A.      Declaration of Christy Leleck**

          1.      <u>Paragraph 3</u>. Objection on the grounds that Ms. Leleck's statement: "To my recollection, it was also the clear perception and understanding of others within GA that Jonathan was a lawyer authorized to practice law" states a conclusion that lacks foundation. FED. R. EVID. 602. Objection on the grounds that Ms. Leleck's statement "To my recollection, it was also the clear perception and understanding of others within GA that Jonathan was a lawyer authorized to practice law" is vague and ambiguous.

    2.    <u>Paragraph 6</u>. Objection on the grounds that Ms. Leleck's statement "he always held himself out as a lawyer" states a conclusion that lacks foundation. FED. R. EVID. 602. Objection on the grounds that Ms. Leleck's statement: "he always held himself out as a lawyer" is vague and ambiguous.

    3.    <u>Paragraph 7</u>. Objection on the grounds that Ms. Leleck's statement "Jonathan [sic] had always held himself out as a lawyer" states a conclusion that lacks foundation. FED. R. EVID. 602.Objection on the grounds that Ms. Leleck's statement "Jonathan and [sic] had always held himself out as a lawyer" is vague and ambiguous.

    4.    <u>Paragraph 8</u>. Objection on the grounds that Ms. Leleck's statement: "Jonathan offered no explanation for his failure to so inform the company" states a conclusion that lacks foundation. FED. R. EVID. 602.

**B.    Declaration of Karen Lombardo**

    1.    <u>Paragraph 10</u>. Objection on the grounds that Ms. Lombardo's statement: "Mr. Moss held himself out, at all times, as a lawyer who was authorized to practice law" is vague and ambiguous. Objection on the grounds that "Mr. Moss held himself out, at all times, as a lawyer who was authorized to practice law" states a conclusion that lacks foundation. FED. R. EVID. 602.

**C.    Declaration of Daniella Vitale**

    1.    <u>Paragraph 9</u>. Objection on the ground Ms. Vitale statements: "he [Jonathan] has held himself out to me as an attorney, and as someone who is authorized to practice law" and "Jonathan was also viewed by others in management positions at GA as the company's lawyer" both state conclusions that lack foundation. FED. R. EVID. 602. Objection on the grounds that Ms. Vitale's statement: "he [Jonathan] has held himself out to me as an attorney,

and as someone who is authorized to practice law" is vague and ambiguous.

Dated: Los Angeles, California
       April 16, 2010

O'MELVENY & MYERS LLP

By: _____

Daniel M. Petrocelli (dpetrocelli@omm.com)
Robert C. Welsh (rwelsh@omm.com)
Andrew J. Frackman (afrackman@omm.com)
1999 Avenue of the Stars, Suite 700
Los Angeles, California 90067
Tel: (310) 553-6700
Fax: (310) 246-6779

*Attorneys for Defendants Guess?, Inc., The Max Leather Group/Cipriani Accessories, Inc., Sequel AG, K&M Associates L.P., Viva Optique, Inc., Signal Products, Inc., and Swank, Inc.*