```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  6/29/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GUCCI AMERICA, INC.,                          :
                                              :
                    Plaintiff,                :        MEMORANDUM AND ORDER
                                              :
         -v-                                  :        09 Civ. 4373 (SAS) (JLC)
                                              :
GUESS?, INC., et al.,                         :        ECF Case
                                              :
                    Defendants.               :
-----------------------------------------------------------------X

JAMES L. COTT, United States Magistrate Judge.

    Plaintiff Gucci America, Inc. ("Gucci") commenced this action against defendant Guess?,

Inc. ("Guess") and other named parties, asserting trademark infringement and related claims arising

out of Guess's use of certain trademarks, logos, and designs (Dkt. # 1).[1]  On April 2, 2010, Gucci

made two separate motions for protective orders against the disclosure of the communications of its

in-house counsel Jonathan Moss ("Moss"), and the communications of non-party Guccio Gucci

S.p.A.'s ("GG") in-house counsel Vanni Volpi ("Volpi"), pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure (Dkt. # 62-77). During the course of discovery, Gucci produced a privilege

log reflecting, as amended, numerous communications involving Moss and Volpi.  This

Memorandum and Order principally addresses the motion for a protective order against the

disclosure of the Volpi communications.  A separate memorandum and order addressing the motion

for a protective order against the disclosure of the Moss communications is also being issued today.

    With respect to the Volpi motion, the amended privilege log reflects two groups of

communications: (i) an investigation between March and June, 2007 of Guess's use of the "Twirl"

---

[1]  Gucci has twice amended its complaint.  See Second Amended Compl. (Dkt. # 101).

1

mark (a mark owned by GG); and (ii) an investigation between March 2008 and May 2009 of Guess's use of Gucci marks and designs that are the subject of this litigation. The Twirl mark is the subject of a lawsuit pending in Milan, Italy between GG and Guess's Italian affiliate, Guess Italia. The Italian lawsuit was commenced approximately four days before this suit was filed. Recognizing that the Volpi communications implicate foreign law, the parties have briefed choice of law. Gucci urges the Court to apply American law to resolve this dispute. Gucci further asserts that Volpi, though not a bar-admitted attorney, acts as an agent or representative of a bar-admitted attorney and therefore under American law the attorney-client privilege extends to his communications. Gucci adds that, even if the Court were to find that Italian law applies, the result should be the same on public policy grounds.

In contrast, Guess argues that the Court should apply Italian law because the Volpi communications "touch base" with Italy. Guess further asserts that, under Italian law, the attorney-client privilege does not extend to a non-attorney professional such as Volpi, and consequently such communications would be subject to disclosure in an Italian litigation. In the alternative, Guess submits that, even under American law, Volpi's communications are not privileged because GG had no reasonable expectation of privacy in its communications with him.

Rule 501 of the Federal Rules of Evidence provides that questions of privilege are "governed by the principles of common law." Golden Trade S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 521 (S.D.N.Y. 1992) (quoting Fed. R. Evid. 501). The common law includes "choice of law" questions. Astra Aktiebolag v. Andrx Pharm., Inc., 208 F.R.D. 92, 97 (S.D.N.Y. 2002). Accordingly, the Court must conduct a choice of law analysis. Courts in this district adopt the comity or "touching base" approach to determine the law that applies to claims of privilege involving foreign documents. The

"touching base" analysis focuses on the jurisdiction with the "predominant interest," "the place where the allegedly privileged relationship was entered into," Golden Trade, 143 F.R.D. at 521-22, or "the place in which that relationship was centered at the time the communication was sent." Bayer AG and Miles, Inc. v. Barr Labs., Inc., 92 Civ. 0381 (WK), 1994 WL 705331, at *5 (S.D.N.Y. Dec. 16, 2004). See also In re Rivastigmine Patent Litig., 237 F.R.D. 69, 74 (S.D.N.Y. 2006). Under this analysis, "'any communications touching base with the United States are governed by the federal discovery rules while any communications related to matters solely involving [a foreign country] are governed by the applicable foreign statute." Golden Trade, 143 F.R.D. at 520.

Applying this standard, the challenged documents seem to implicate both the laws of Italy and the United States. However, the evidentiary record is inadequate to determine which country has a "predominant interest" in the specific communications and, therefore, which law applies to each set of documents. It may be that the same country's laws apply to each of the Volpi communications, but the descriptions provided in the amended privilege log, such as "Guess Twirl Watch," "Investigation into Guess Products," and "Strategic Review and Preparation of Evidence," are insufficient for the Court to determine whether American or Italian law applies.

With respect to the Moss communications, as noted, I have today issued a memorandum and order denying Gucci's motion for a protective order on the basis that the attorney-client privilege applies to those communications. However, Gucci requests, in the alternative, that the Court consider the applicability of the work product doctrine. Just as it is deficient on the choice of law issues, the amended privilege log also provides insufficient information for the Court to determine the basis of Gucci's invocation of the work-product doctrine. Specifically, the Court lacks evidence "as to which of the documents and oral communications . . . covered by the work-product rule were

3

in fact made principally in anticipation of litigation and which were made principally for other purposes." Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 472 (S.D.N.Y. 1993).

To facilitate its determination of privilege, a court may require "an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps." Bowne, 150 F.R.D. at 474; accord United States v. Constr. Prods. Research, Inc. 73 F.3d 464, 473 (2d Cir. 1996). At a minimum, a privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Rule 26(b) is supplemented by Local Civil Rule 26.2(a)(2)(A), which sets forth the specific information that must be disclosed when documents are withheld on the ground of privilege. Local Civil Rule 26.2(c). Although Gucci's privilege log establishes that Volpi and Moss participated in communications regarding this litigation, the issues raised in both motions require further particularization of the communications.

Accordingly, Gucci is directed to revise its amended privilege log as follows: (i) identify with specificity which of the Volpi communications relate to the instant litigation and which communications relate to the Italian litigation so that the Court can determine whether the attorney-client privilege applies; and (ii) provide a detailed description, beyond the subject matter of the document, sufficient to indicate Gucci's basis for designating each of the communications – involving both Volpi and Moss – as protected from disclosure pursuant to the work-product doctrine. Gucci is further directed to submit the revised amended privilege log to the Court in 12-point font, with a copy served upon all counsel of record, **by July 6, 2010**.

In revising its privilege log, Gucci is reminded that "neither the attorney-client privilege nor the work product privilege protects underlying facts." SR Int'l Bus. Ins. Co. Ltd. v. World Trade Center Prop. LLC, 01 Civ. 9291 (JSM), 2002 WL 1455346, at *4 (S.D.N.Y. July 3, 2002). As the Supreme Court instructed in Upjohn Co. v. United States, 449 U.S. 383, 396 (1981), a client "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." Gucci is further advised that if it fails to "provide sufficient detail to demonstrate fulfillment of all of the legal requirements for application of the privilege, [its] claim will be rejected." Bowne, 150 F.R.D. at 474 (citing cases).[2]

Following the production of the revised amended privilege log, the parties are directed to meet and confer promptly to determine if they can agree as to whether any of the documents at issue are protected under the work product doctrine. The parties should advise the Court by letter no later than **July 9, 2010** which documents on the revised amended privilege log remain in dispute. In addition, by **July 16, 2010**, the parties may submit additional memoranda of law, not to exceed 10

---

[2] While there has been discussion by the parties of *in camera* review of the documents, at this stage of the proceedings, it would be premature to do so. As Magistrate Judge Dolinger noted in Bowne, such review is not "to be routinely undertaken, particularly in a case involving a substantial volume of documents, as a substitute for a party's submission of an adequate record in support of its privilege claims." 150 F.R.D. at 475. *In camera* review may be useful if there is "a genuine dispute between the parties as to the accuracy of the withholding party's description of certain documents." Id..

pages, addressing the work product doctrine issues raised with respect to both the Moss and Vanni

communications.

     SO ORDERED.

Dated: New York, New York
     June 29, 2010

                                   JAMES L. COTT
                                   United States Magistrate Judge

**Copies of this Order are being sent by ECF to:**

Louis S. Ederer
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022

Robert C. Welsh
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Mark I. Peroff
Darren W. Saunders
Hiscock & Barclay LLP
7 Times Square
New York, NY 10036

Paul Fields
Leason Ellis LLP
81 Main Street, Suite 503
White Plains, NY 10601

John T. Williams
Hinkhouse Williams Walsh LLP
180 North Stetson, Suite 3400
Chicago, IL 60601

Hon. Shira A. Scheindlin