```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/28/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GUCCI AMERICA, INC.,                          :
                                              :
                   Plaintiff,                 :     <u>MEMORANDUM AND ORDER</u>
                                              :
        -v-                                   :     09 Civ. 4373 (SAS) (JLC)
                                              :
GUESS?, INC., <u>et al.</u>,                       :     ECF Case
                                              :
                   Defendants.                :
--------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

     Plaintiff Gucci America, Inc. ("Gucci") commenced this action against defendant Guess?,
Inc. ("Guess"), and other named parties, asserting trademark infringement and related claims
arising out of the defendants' use of certain trademarks, logos and designs (Dkt. #1).  During
discovery, Gucci produced a privilege log consisting of, <u>inter alia</u>, the communications of non-
party Guccio Gucci S.p.A.'s ("GG") in-house intellectual property counsel Vanni Volpi
("Volpi").  The privilege log reflected, <u>inter alia</u>, Volpi's communications regarding a 2007
investigation of Guess' use of the Twirl mark, and an investigation between March 2008 and
May 2009 of Guess' use of Gucci marks and designs that are the subject of this suit and a
parallel lawsuit pending in Italy.  Gucci has declined to produce the Volpi communications,
invoking the attorney-client privilege and the work product doctrine.

     On April 2, 2010, Gucci moved for a protective order against the disclosure of Volpi's
communications pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (Dkt. #71-77).
After reviewing the parties' respective submissions, I determined that the documents implicate
foreign law and that a choice of law analysis was necessary to determine whether the
communications were covered by the attorney-client privilege.  I also determined that Gucci's

privilege log was insufficient to determine whether the work product doctrine applied.  I therefore directed Gucci to revise its privilege log to (i) identify which of the Volpi communications relate to the United States litigation and which communications relate to the Italian litigation; and (ii) provide a detailed description sufficient to indicate Gucci's basis for designating each of the Volpi communications as protected from disclosure pursuant to the work-product doctrine (Dkt. #114).  I also directed the parties to meet and confer, consistent with Rule 37, in an effort to reduce the number of documents in dispute.  Id.

On July 19, 2010, Gucci produced the Further Revised Amended Privilege Log (the "Revised Privilege Log").  As a result of the meet and confer, the parties reduced significantly the quantity of disputed documents.  Nonetheless, the parties raise significant issues regarding the scope and extent of the attorney-client privilege and the work product protection to the Volpi communications, and the scope and extent of the work product protection of Gucci's former in-house counsel, Jonathan Moss.

Neither party disputes that choice of law is critical in determining whether the attorney-client privilege applies to the Volpi communications.  Without reviewing the documents identified in the Revised Privilege Log, the Court is unable to determine whether the Volpi communications reflect discussions regarding the Italian litigation, the United States litigation, or both.  The task is further complicated by the inclusion of communications between Volpi and personnel at Gucci affiliates in other countries, which may implicate the laws of Japan, Great Britain, and China.  See Astra Aktiebolag v. Andrx Pharm., Inc., 208 F.R.D. 92, 98 (S.D.N.Y. 2002) ("any communications touching base with the United States will be governed by the federal discovery rules while any communications related to matters solely involving [a foreign country] will be governed by the applicable foreign statute") (citing Golden Trade S.r.L. v. Lee

2

Apparel Co., 143 F.R.D. 514, 518-19 (S.D.N.Y.1992)).   Whether a specific communication "touches base" with the United States is a fact-based inquiry, Bayer AG and Miles, Inc. v. Barr Labs., Inc., 92 Civ. 0381 (WK), 1994 WL 705331, at *5 (S.D.N.Y. Dec. 16, 1994), and therefore such a finding should not be based on conclusory assertions or assumptions of fact.

In conducting a choice of law analysis in the context of foreign communications between attorney and client, judges in this District have reviewed the relevant documents in camera. See, e.g., In re Rivastigmine Patent Litig., 237 F.R.D. 69, 72 (S.D.N.Y. 2006) (considering applicability of Swiss law to communications between Swiss in-house counsel and European patent attorneys after conducting in camera review); Astra, 208 F.R.D. at 95-96 (finding that foreign documents touch base with Germany, Korea, and the United States after reviewing series of five in camera submissions); Johnson Matthey, Inc. v. Research Corp., 01 Civ. 811 (MBM) (FM), 2002 WL 1728566, at *9-10 (S.D.N.Y July 24, 2002) (ordering submission of documents in camera to determine whether communication between plaintiff and British patent agents "touch base" with Great Britain or the United States).   See also Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 156 (W.D.N.Y. 1982) (finding that communications between Japanese patent agent and U.K. patent agent regarding Japanese patent touch base with Japan after conducting in camera review).

To facilitate a thorough determination of the issues raised in the instant discovery dispute, the Court will conduct an in camera inspection of the documents in the Revised Privilege Log. See In re Grand Jury Subpoenas, 318 F.3d 379, 386 (2d Cir. 2003) (noting that in camera review "is a practice both long-standing and routine in cases involving claims of privilege"); see also In re Dow Corning Corp., 261 F.3d 280, 282-83 (2d Cir. 2001) (submitting documents to district court for in camera review of work product and attorney-client claims); Gould, Inc. v. Mitsui

Mining & Smelting Co., 825 F.2d 676, 680 (2d Cir. 1987) (vacating district court order quashing subpoena for failure to develop record on claim of work product privilege, including failure to conduct in camera inspection of subpoenaed documents, and to particularize its findings).[1]

Gucci is directed to submit unredacted copies of the documents listed in the Revised Privilege Log to the chambers of the undersigned by 5 p.m. on Friday, July 30, 2010. The documents should bear legends or Bates-numbers corresponding to the document numbers in the Revised Privilege Log.

SO ORDERED.

Dated: New York, New York
       July 28, 2010

JAMES L. COTT
United States Magistrate Judge

**Copies of this Order are being sent by ECF to:**

Louis S. Ederer
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000 x1102
Fax: (212) 715-1399
louis.ederer@aporter.com

Matthew Thomas Salzmann
Arnold & Porter, LLP
399 Park Avenue
New York  NY 10022
(212) 715-1000
Fax: (212) 715-1399
Matthew.Salzmann@aporter.com

---

[1] In camera review is also "useful if there is a genuine dispute between the parties as to the accuracy of the withholding party's description of certain documents." Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 475 (S.D.N.Y. 1993). As Guess in its supplemental submission has raised numerous challenges to the Revised Privilege Log, including the veracity of the descriptions in the log, this is another reason to conduct in camera review here.

4

Robert C. Welsh
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
(310) 246-6700 x6712
Fax: (310) 246-6779
rwelsh@omm.com

Andrew Jay Frackman
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
212-326-2000
Fax: 212-326-2061
afrackman@omm.com

Daniel M. Petrocelli
O'Melveny & Myers, LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035
(310) 246-6700 x6850
Fax: (310) 246-6779
dpetrocelli@omm.com

Darren W. Saunders
Hiscock & Barclay LLP
7 Times Square
New York, NY 10036
212-784-5800
Fax: 212-784-5777
dsaunders@hblaw.com

Alpa V. Patel
Hiscock & Barclay, LLP (ROCH)
2000 HSBC Plaza, 20th Flr.
Rochester, NY 14604
(585)-295-4438
Fax: (585)-295-8459
apatel@hblaw.com

Paul Fields
Leason Ellis LLP
81 Main Street, Suite 503
White Plains, NY 10601

914-288-0022
Fax: 914-288-0023
fields@leasonellis.com

John T. Williams
Hinkhouse Williams Walsh LLP
180 North Stetson, Suite 3400
Chicago, IL 60601
(312)-268-5767
Fax: (312)-268-5801
jwilliams@hww-law.com

Abigail Anne Rubinstein
Steptoe & Johnson, LLP (DC)
1330 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 429-3068
Fax: (202) 261-0595
arubinstein@steptoe.com

Atul R. Singh
Darby & Darby, P.C. (NYC)
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0042
(212) 527-7700 X7735
Fax: (212) 527-7701
asingh@rpl-law.com

Hon. Shira A. Scheindlin