# ARNOLD & PORTER LLP

Louis S. Ederer
Louis.Ederer@aporter.com

212.715.1102
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

August 9, 2011

**VIA FACSIMILE**
The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/11

Re: Gucci America, Inc. v. Guess?, Inc., et al., 09-cv-4373 (S.D.N.Y.) (SAS)

Dear Judge Scheindlin:

On behalf of our client, plaintiff Gucci America, Inc. ("Gucci"), we write in follow-up to the conference held before Your Honor on August 4, 2011, and to respectfully request that the Court reconsider certain determinations made at the conference with respect to the exclusion of Gucci's (and Guess's) survey expert reports, without having reviewed the reports and without a full motion record.

As the Court will recall, at the conference, it first granted Gucci's request that the Court reconsider its prior decision to have a two-step pretrial motion process — motions to exclude the reports of survey experts, followed by Guess's motion for summary judgment — and instead combine the two steps and hear the motions concurrently. The Court then had a brief discussion with counsel about the expert reports in question and the parties' basis for seeking their exclusion. Immediately thereafter, without ever having reviewed the reports, the Court indicated it would exclude the surveys performed by two of Gucci's experts (Mr. George Mantis and Dr. Michael Rappeport) and one of Guess's experts (Dr. Carol Scott), and limit the admissibility of Guess's remaining expert reports (three surveys conducted by Dr. Myron Helfgott) to the issue of point-of-sale confusion, as opposed to post-sale confusion.

We now respectfully request that the Court reconsider its determinations to the following extent. While the Court may or may not arrive at the same conclusions after reviewing the surveys themselves, we believe it is inappropriate, and fundamentally unfair, for the Court to exclude any surveys without having seen them, and in the absence of a full motion record. For example, with respect to the trade dress survey done by Mr. Mantis, the Court indicated it would exclude the survey because the test handbag used by Mr. Mantis, which contained two designs Gucci has complained about in this case, was modified to obscure the design that was not the subject of the survey (and the Court then went on to make the same determination with respect to Guess's Square G survey, in which Dr. Scott modified her test product for the same reason). We believe a full record will help the Court understand why Mr. Mantis did what he did, why his

# ARNOLD & PORTER LLP

Hon. Shira A. Scheindlin
August 9, 2011
Page 2

survey strategy was justified and proper, and why, under the law, his survey should not be excluded.[1] With respect to Dr. Rappeport's rebuttal survey, the Court indicated it would exclude that survey due to the absence of a control handbag, but as we tried to explain at the conference, the reason there was no control was that there was no need for one — Dr. Rappeport was simply recreating the test portion of the trade dress survey conducted by Dr. Helfgott, and therefore a control already existed. Once again, without having actually reviewed these surveys and without the benefit of a full record, the Court was not in a position to make considered rulings on their admissibility.

Of course, if the Court grants Gucci's instant application, Guess should have the same opportunity to contest any grounds for exclusion of Dr. Scott's survey. We therefore ask the Court to grant Gucci's application, and to schedule the exclusion motions as to all surveys, as it initially indicated it would at the outset of the conference, for the same dates as the motion for summary judgment and the remaining motions to exclude, namely, opening motions on September 13, oppositions on October 11, and replies on October 25. We thank the Court for its consideration, and stand ready to conference these issues at the Court's convenience.

Respectfully,

ARNOLD & PORTER LLP

By: *Louis S. Ederer*

Louis S. Ederer

cc: All Counsel (*via e-mail*)

---

*Handwritten order:*

Request granted in part. The Court will reconsider its determinations as to exclusion of the expert surveys. The parties are ordered to brief all Daubert challenges in one 25-page motion with one 25-page opposition and one 10-page reply. The only exhibits permitted are the expert reports and the depositions of the experts. The parties' motions are due 8/29/11; oppositions due 9/12/11; replies due 9/22/11. If the parties conclude that their briefing of the summary judgment motion depends on the Court's ruling on the Daubert motions, then the summary judgment briefing schedule is suspended sine die. Otherwise, the summary judgment briefing schedule remains the same.

SO ORDERED.

8/15/11  /s/ Shira A. Scheindlin
U.S.D.J.

---

[1] As Mr. Mantis states in his survey report, the handbag he tested (which was a real Guess handbag) bore two accused designs — a trade dress design (a series of design elements that included Guess's diamond "Quattro G" pattern in a beige/ebony color combination), and a trademark design (a three stripe design). Since Mr. Mantis was only testing for confusion as to trade dress, as a conservative measure he decided to obscure the trademark design so as to obtain the purest estimate of post-sale trade dress confusion.