UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

GUCCI AMERICA, INC.,

        Plaintiff,

- against -

GUESS?, INC., MARC FISHER
FOOTWEAR LLC, THE MAX
LEATHER GROUP/CIPRIANI
ACCESSORIES, INC., SEQUEL AG,
J&M ASSOCIATES L.P., VIVA
OPTIQUE, INC., SIGNAL PRODUCTS,
INC., and SWANK, INC.,

        Defendants.

------------------------------------------------------- X

## MEMORANDUM OPINION AND ORDER

09 Civ. 4373 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/11

SHIRA A. SCHEINDLIN, U.S.D.J.:

I. INTRODUCTION

      Gucci America, Inc. ("Gucci") brings this action against Guess?, Inc., Marc Fisher Footwear LLC, the Max Leather Group/Cipriani Accessories, Inc., Sequel AG, K&M Associates L.P., Viva Optique, Inc., Signal Products, Inc, and Swank, Inc. (collectively, "Guess"), alleging various violations of the Lanham

Act,[1] as well as related New York state law.[2] On November 16, 2011, I issued an opinion on the parties' cross-motions to exclude various expert reports ("November Opinion"). Gucci now moves for partial reconsideration of that opinion as it relates to the Mantis Survey. For the reasons given below, the motion is granted.

## II. BACKGROUND

The background to this motion, including a detailed description of the Mantis Survey, is fully set forth in the November Opinion.[3] Briefly stated, the Mantis Survey was excluded because it was not representative of the vast majority of Guess bags bearing the allegedly infringing Quattro G trade dress ("Guess Quattro G bags") in that it did not bear permanent Guess-identifying ornamentation.[4]

## III. LEGAL STANDARD

The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict. Indeed, "reconsideration will generally be denied unless

---

[1] *See* Docket No. 101 at 18-22.

[2] *See id.* at 22-24.

[3] *See Gucci America, Inc. v. Guess?, Inc., et al.*, No. 90 Civ. 4373, 2011 WL 5825206 (S.D.N.Y. Nov. 16, 2011).

[4] *See id.* at *12.

the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[5] "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"[6] The standard for granting reconsideration must be strict in order to "to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."[7] Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[8]

## IV. DISCUSSION

On this motion for reconsideration, Gucci seeks to have the Mantis Survey admitted on two narrow issues. *First*, Gucci argues that the Mantis Survey

---

[5] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

[6] *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

[7] *Families for Freedom v. United States Customs & Border Prot.*, No. 10 Civ. 2705, 2011 WL 4599592, at *2 (S.D.N.Y. Sept. 30, 2011).

[8] *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

is relevant "to those instances in which a post-sale observer would not see [permanent Guess-identifying ornamentation] on the accused handbags."[9] *Second*, Gucci argues that the Mantis Survey is relevant to whether the test bag itself – which is one of the products that it complains of in this case – infringes Gucci's trademark and trade dress rights.[10] For the reasons given below, the Mantis Survey is admissible on both issues.

### A. The Mantis Survey Is Admissible on the Issue of Confusion in Those Post-Sale Situations in Which a Casual Observer Would Not See Permanent Guess-Identifying Hardware on Handbags

The Mantis Survey was excluded because it used a test bag that was not representative of Guess Quattro G bags in that it did not bear permanent Guess-identifying ornamentation.[11] Gucci argues that the complete exclusion of the Mantis Survey was inappropriate because the Scott Study – proffered by Guess – shows that in more than one third of post-sale situations, no permanent brand-identifying hardware will be visible, either because the handbags are worn with the ornamentation facing inward, or simply because they have no ornamentation at

---

[9] Memorandum of Law in Support of Gucci's Motion for Reargument and/or Reconsideration of the Court's November 16, 2011 Opinion and Order ("Gucci Mem.") at 1.

[10] *See id.* at 7 n.3.

[11] *See Gucci America, Inc.*, 2011 WL 5825206, at *12.

all.[12] Gucci argues that the Mantis Survey should be admitted as relevant evidence of the likelihood of confusion in such situations, and that the November Opinion overlooked this possibility.[13]

Guess argues that the Mantis Survey is not admissible for this limited purpose for two reasons. *First*, Guess argues that Gucci has not met the legal standard for reconsideration.[14] *Second*, Guess argues that even if Gucci has met that standard, the Mantis Survey is nonetheless too methodologically flawed to be admitted.[15] I consider each argument in turn.

Guess's first argument heavily stresses that "there has been no change in controlling law or newly discovered evidence" since the November Opinion was issued, and that the November Opinion "did not contain a clear error of law or cause manifest injustice."[16] However, Gucci correctly points out that the

---

[12] *See* 8/3/11 Declaration of Carol A. Scott, PhD, Ex. 8 to Declaration of Robert Welsh, Attorney for Guess, in Support of Guess's Motion to Exclude the Surveys of Dr. Michael Rappeport, George Mantis, and Dr. Michael B. Mazis, at 3.

[13] *See* Gucci Mem. at 3-6.

[14] *See* Memorandum of Law in Opposition to Gucci's Motion for Reargument and/or Reconsideration of the Court's November 16, 2011 Opinion and Order ("Guess Mem.") at 3-4.

[15] *See id.* at 4-8.

[16] *Id.* at 3.

November Opinion overlooked the relationship between the Scott Study and the admissibility of the Mantis Survey on the limited issue currently at hand. Accordingly, it is appropriate to reach the question of whether this oversight "might reasonably be expected to alter the conclusion reached by the court," which leads directly into Guess's second argument.[17]

Guess rightly stresses that the Mantis Survey was excluded because the test bag it used was highly unrepresentative of Guess Quattro G bags generally.[18] What Guess overlooks, however, is that Gucci is no longer arguing that the Mantis Survey is representative of Guess Quattro G bags generally. Instead, as noted above, Gucci argues that the Mantis Survey provides relevant evidence of the likelihood of consumer confusion in those post-sale situations in which casual observers will be unable to see any permanent Guess-identifying ornamentation. Accordingly, the reason that the Mantis Survey was excluded generally is not relevant to the narrower issue on which Gucci now seeks to have it admitted. As I noted in the November Opinion, the other flaws in the Mantis

---

[17] Guess argues that Gucci's argument here is "entirely new." Guess Mem. at 3-4. That argument is without merit. While Gucci did not oppose exclusion of the Mantis Survey on the grounds that it might be admissible for the limited purpose that it now explicitly proposes, such an argument was implicit.

[18] *See id.* at 5.

Survey, while troubling, did not, standing alone, merit exclusion.[19] Accordingly, I find that the Mantis Survey is admissible to show the likelihood of confusion that may exist in those post-sale situations in which no permanent Guess-identifying ornamentation would be visible to the casual observer.[20]

### B.  The Mantis Survey Is Admissible on the Question of Whether Its Test Bag Infringes on Gucci's Trademark and Trade Dress Rights

The test bag used in the Mantis Survey is one of the bags that Gucci

---

[19]   See Gucci America, Inc., 2011 WL 5825206, at *10-12.

[20]   Guess also argues that if the Mantis Study is admitted on this limited basis, the confusion level it reports is so low as to indicate no likelihood of confusion. See Guess Mem. at 8. The math that Guess offers in support of this argument is misleading. While the Scott Study showed that roughly sixteen percent of women who wore handbags with ornamentation wore them with the ornamentation turned away from the public, it also showed that roughly twenty-two percent of women wore handbags without any ornamentation at all. See Scott Study at 3. Expressed as a percentage of the overall sample, then, no ornamentation was visible on nearly thirty-four percent of handbags. See id. If one applies the confusion rate found by the Mantis Survey to that percentage, the net level of confusion would be approximately 5.3 percent, not 3.1 percent as Guess implies.
   More importantly, however, Guess's argument that the level of confusion in a subset of post-sale situations supports a finding of no likelihood of confusion in post-sale situations generally is incorrect. While Gucci may be unable to produce other evidence as to the level of confusion in the remaining sixty-plus percent of post-sale situations in which permanent Guess-identifying ornamentation would be visible, the fact that the Mantis Survey itself does not do so has no effect on its admissibility for the limited issue that Gucci proposes.

claims infringes its trademark and trade dress rights.[21] Accordingly, Gucci argues that the Mantis Survey should have been admitted as evidence of such infringement related to the test bag itself.[22] The November Opinion, which considered the Mantis Survey on a representative basis only, overlooked this fact.

Guess argues that "any survey Gucci presents in support of [its] broad claim of infringement must be representative of *all* products encompassed by the claim" that "any use of Guess's Quattro G Pattern and certain other designs on Guess-branded accessory products violates Gucci's trademark rights."[23] Guess provides no support for this argument, and I find none in either Gucci's complaint or the relevant case law. Accordingly, the Mantis Survey is admissible on the limited issue of whether the test bag itself infringes Gucci's trademark or trade dress rights.

### C. Guess's Argument that Gucci's Theory of Liability Is Legally Invalid Is Not Properly Raised on a Motion for Reconsideration

Even though the Mantis Survey is admissible on the two narrow issues noted above, Guess argues that it should still be excluded because Gucci's

---

[21] *See* Gucci Mem. at 7 n.3.

[22] *See id.*

[23] Guess Mem. at 5 n.6 (emphasis in original).

underlying theory of liability has "[n]ever been recognized in the Second Circuit."[24] The question of whether a theory of liability is valid, however, is not an issue to be decided on a motion reconsider the exclusion of an expert report. Instead, it should be reserved for trial or dispositive motion practice. Accordingly, I decline to address Guess's argument challenging the legal validity of Gucci's theory of liability at this time.

## V.  CONCLUSION

For the reasons stated above, Gucci's motion for reconsideration is granted. The Mantis Survey is relevant – and therefore admissible – on two narrow issues. *First*, it is relevant to the issue of post-sale consumer confusion allegedly caused by Guess Quattro G bags in those post-sale situations where the casual observer will not see permanent Guess-identifying ornamentation. *Second*, it its relevant to the issue of whether the test bag itself infringes Gucci's trademark and trade dress rights. Guess shall be entitled to five additional pages in its summary judgment papers to address these issues.

---

[24] Guess Mem. at 7. Guess also notes that a similar theory of liability has been rejected in the Eastern District of New York. *See id.* (citing *Montblanc-Simplo v. Aurora Due S.r.L.*, 363 F. Supp. 2d 467, 483 (E.D.N.Y. 2005)). That decision, however, is clearly not controlling in this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 15, 2011

-Appearances-

**For Gucci America:**

Louis S. Ederer, Esq.
John Maltbie, Esq.
Matthew T. Salzmann, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000

**For Guess?, Inc., Marc Fisher Footwear LLC, The Max Leather Group/Cipriani Accessories, Inc., Sequel AG, K&M Associates L.P., Viva Optique, Inc., Signal Products, Inc., Swank, Inc.,:**

Robert C. Welsh, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, California 90067
(310) 553-6700

**For Guess?, Inc.:**

Andrew J. Frackman, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036
(212) 326-2000

Daniel M. Petrocelli, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, California 90067
(310) 553-6700

**For Marc Fisher Footwear LLC:**

Darren W. Saunders, Esq.
Hiscock & Barclay, LLP
7 Time Square
New York, New York 10036
(212) 784-5800

Alpa V. Patel, Esq.
Hiscock & Barclay, LLP
2000 HSBC Plaza, 20th Floor
Rochester, New York 14604
(585) 295-4438

**For The Max Leather Group/Cipriani Accessories, Inc. and Signal Products, Inc.:**

John T. Williams, Esq.
Hinkhouse Williams Walsh LLP
180 North Stetson Street, Suite 3400
Chicago, Illinois 60601
(312) 268-5767

**For Signal Products, Inc.:**

Kristin Marie Darr, Esq.
Steptoe & Johnson, LLP
750 Seventh Avenue, Suite 1900
New York, New York 10019
(212) 506-3900

Michael R. Heimbold, Esq.
Steptoe & Johnson, LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
(310) 734-3200

**For Swank, Inc.:**

Abigail Anne Rubinstein, Esq.
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, District of Columbia 20036
(202) 429-3068

Paul Fields, Esq.
Karin Fromson Segall, Esq.
Leason Ellis LLP
81 Main Street, Suite 503
White Plains, New York 10601
(914) 288-0022

Atul R. Singh, Esq.
Darby & Darby, P.C.
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 527-7700