UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUCCI AMERICA, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>GUESS?, INC., MARC FISHER FOOTWEAR LLC, THE MAX LEATHER GROUP/CIPRIANI ACCESSORIES, INC., SEQUEL AG, K&M ASSOCIATES L.P., VIVA OPTIQUE, INC., SIGNAL PRODUCTS, INC. and SWANK, INC.,<br><br>Defendants. | Civil Action No. 09cv4373 (SAS) |

# MARC FISHER LLC'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

HISCOCK & BARCLAY LLP
Darren W. Saunders
Mark I. Peroff
Alpa V. Patel
Seven Times Square
New York, New York 10036
Tel: (212) 784-5800
Fax: (212) 784-5777

*Attorneys for Defendant Marc Fisher LLC*

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................. 1

II. GUCCI IS NOT ENTITLED TO MONETARY RECOVERY ON ITS
TRADEMARK INFRINGEMENT CLAIMS ............................................................. 2

    A. There Is No Evidence Of Intent To Deceive By Marc Fisher LLC ............................. 2

    B. Marc Fisher Acted In Good Faith By Stopping Use Of The Green-Red-Green
       Stripe Design Well Before Gucci Commenced This Action ....................................... 5

    C. Gucci Has No Proof Of Damage Resulting From Alleged Post-Sale Confusion .......... 6

III. CONCLUSION ........................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Chanel, Inc. v. Veronique Idea Corp.*, No. 10-civ-5287 (VM),
  2011 U.S. Dist. LEXIS 721823, *8 (S.D.N.Y. June 27, 2011) .................................................. 6

*George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532 (2d Cir. 1992) ...................................... 3, 4

*Getty Petroleum Corp. v. Island Transp. Corp.*, 878 F.2d 650 (2d Cir. 1989) .............................. 3

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 561 F. Supp. 2d 368 (S.D.N.Y. 2008) ....... 4, 6

*Mattel, Inc. v. Robarb's, Inc.*, 139 F. Supp. 2d 487 (S.D.N.Y. 2001) ........................................... 5

*Nalpac, Ltd. v. Corning Glass Works*, 784 F.2d 752 (6th Cir. 1986) ............................................ 5

*Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114 (2d Cir. 2001) ....................... 4

*Playtex Prods. Inc. v. Georgia-Pacific Corp.*, 390 F.3d 158 (2d Cir. 2004) ................................. 4

*PPX Enters., Inc. v. Audiofidelity Enters., Inc.*, 818 F.2d 266 (2d Cir. 1987) .............................. 3

*Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739 (2d Cir. 1998) ........................................... 3

*THOIP v. The Walt Disney Co.*, 736 F. Supp. 2d 689 (S.D.N.Y. 2010) ..................................... 4, 5


**Other Authorities**

Glynn S. Lunney, Jr., *Trademark Monopolies*, 48 Emory L. J. 367, 404-08 (1999) ..................... 6

Mark P. McKenna, *The Normative Foundations of Trademark Law*,
  82 Notre Dame L. Rev. 1839, 1907-1908 (2007) ......................................................................... 6

David S. Welkowitz, *Trade Dress and Patent – The Dilemma of Confusion*,
  30 Rutgers L. J. 289, 329-331 (1999) ........................................................................................... 6

Pursuant to the Court's direction at the pre-motion conference held on December 2, 2011, Marc Fisher LLC[1] ("MFF"), the Guess footwear licensee, submits this Supplemental Memorandum of Law in Support of the Defendants' Motion for Summary Judgment. MFF joins in and adopts all of the arguments set forth in Guess' Memorandum of Law in Support of Defendants' Motion for Summary Judgment, Defendants' Statement of Undisputed Material Facts Pursuant To Local Civil Rule 56.1, and Declaration of Robert C. Welsh In Support of Defendants' Motion for Summary Judgment, filed on December 9, 2011. MFF briefly supplements Guess' Memorandum as to evidence and arguments unique to Marc Fisher LLC and Guess-branded footwear.

## I. PRELIMINARY STATEMENT

Like other luxury goods companies who cannot prove traditional likelihood of confusion among purchasers in claims under the Lanham Act, Gucci is pursuing a theory of post-sale confusion for its trademark claims. Gucci seeks both actual damages and an accounting of MFF's profits, which requires that Gucci establish that MFF acted with willful deceit. But the undisputed facts with regard to MFF's design of the Guess-branded footwear in issue establish only that MFF designers referenced Gucci footwear in the design of Guess footwear, far from the egregious conduct that constitutes the "willful deceit" needed to support a monetary damage award under the Lanham Act.

Under well-settled Second Circuit precedent, it is permissible for

---

[1] Marc Fisher LLC operates under the name "Marc Fisher Footwear."

1

sellers of goods to emulate features of another's product so long as the defendant's product does not create confusion or deception. From the undisputed facts with regard to how MFF designs and creates Guess footwear, the Court can determine on summary judgment that MFF did not intend to cause any deception or confusion, and, therefore, as a matter of law, that Gucci is not entitled to a monetary recovery on its trademark claims.

Moreover, to the extent that MFF's activities in designing Guess footwear could be found to create a rebuttable presumption of confusion, the actual marketplace realities – a lack of any evidence of even a single instance of actual confusion despite extensive co-existence – must trump the presumption. Here, it is undisputed that there is no evidence (whether anecdotal or by survey) of actual confusion with respect to any Guess footwear. Under these circumstances, it makes no sense to apply a presumption which is at odds with the record evidence.

In addition, with regard to MFF's limited use of a green-red-green stripe on certain men's footwear, the undisputed facts show that MFF ceased all use of the design, *nine months* before Gucci sued MFF. This voluntary cessation of a design prior to the plaintiff's complaint is indicative of good faith, and a lack of any intention to cause public deception.

Finally, Gucci has no evidence of any damage incurred regarding footwear products in connection with its post-sale confusion claims. Where, as here, MFF's goods are not counterfeits or "cheap knockoffs," absent proof of some form of actual damage, Gucci should not be entitled to monetary relief.

## II. GUCCI IS NOT ENTITLED TO MONETARY RECOVERY ON ITS TRADEMARK INFRINGEMENT CLAIMS

### A. There Is No Evidence Of Intent To Deceive By Marc Fisher LLC

In order to recover a monetary award under the Lanham Act, the Second Circuit requires a showing of actual confusion or deception resulting from the alleged infringement, or that the

2

defendant's actions were intentionally deceptive. *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir. 1992). Since Gucci has no evidence of actual confusion or deception,[2] it is required to prove that MFF acted with willful deception in creating the Guess shoes in issue in order to recover monetary damages or an accounting of profits. *Id.* Gucci cannot meet this burden, because the evidence upon which it relies does not approach the threshold necessary to establish an intention to deceive.[3]

Significantly, these emails, individually or collectively, do not evince an intent to confuse or deceive anyone, anywhere – point of sale, post-sale or otherwise, as to the source of the Guess footwear.

In *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 745 (2d Cir. 1998), the Second Circuit explained that "the intent to compete by imitating the successful features of another's

---

[2] In the absence of actual confusion, Gucci could have, but chose not to proffer a survey on post-sale confusion regarding Guess footwear.

[3] To support a finding of "willful deception," the Second Circuit has required egregious behavior, such as blatantly deceptive conduct which leaves no doubt that actual public deception has occurred. *See e.g. PPX Enters., Inc. v. Audiofidelity Enters., Inc.*, 818 F.2d 266, 271 (2d Cir. 1987) (deliberate false statements to induce purchase of product); *Getty Petroleum Corp. v. Island Transp. Corp.*, 878 F.2d 650, 655 (2d Cir. 1989) (intentional deception of consumers where non-GETTY gas was sold in GETTY pumps). (See also cases cited in Guess Memorandum at pp. 27-30.)

product is vastly different from the intent to deceive purchasers as to the source of the product." Since *Streetwise Maps*, the Second Circuit has reiterated that "[a]bsent confusion, imitation of certain successful features in another's product is not unlawful…" *George Basch*, 968 F.2d at 1541; *see also Playtex Prods. Inc. v. Georgia-Pacific Corp.*, 390 F.3d 158, 166 (2d Cir. 2004).

*See also Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114, 125 (2d Cir. 2001) (copying alone was insufficient to establish bad faith, where there was no evidence of intention to deceive).

Moreover, all Guess footwear bear the famous Guess[5] brand name and trademark, and are advertised and promoted as Guess products. Even focusing only on the post-sale context, many Guess-branded shoes contain the Guess name and mark visibly on the exterior, in many instances very prominently. MFF's prominent use of the Guess brand name and logos on Guess footwear is inconsistent with an intention to deceive, regardless of the context in which the shoes may be observed – either by purchasers or onlookers. *See Nora Beverages*, 269 F.3d at 125. ("By placing its labels prominently upon its bottles, [PERRIER] negated an inference of intent to deceive consumers as to the source of its products.") (See also cases cited in Guess Memorandum at page 29, n. 52.)

In sum, under well-established Second Circuit law, MFF's activities in designing Guess footwear do not constitute the kind of egregious behavior or willful deceit that supports an award of monetary damages under the Lanham Act, as a matter of law.[6]

---

[5] It is undeniable that Guess is a famous brand name and strong source identifier. (*See* Guess Memorandum at p. 5.)

[6] This Court has decided similar intent issues on motions for summary judgment. For example, in *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 561 F. Supp. 2d 368 (S.D.N.Y. 2008), the Court found that knowledge of the plaintiff's marks before the defendant proceeds to use its own modified version is insufficient to demonstrate bad faith, even where the defendant may have imitated or had been inspired by the plaintiff's design features. Similarly, in *THOIP v. The Walt*

4

### B. Marc Fisher Acted In Good Faith By Stopping Use Of The Green-Red-Green Stripe Design Well Before Gucci Commenced This Action

Of the 274 different SKUs or "colorways" of Guess footwear involved in this action, nine contained a green-red-green stripe ornamentation. These were limited to men's athletic style shoes, all of which were created for, and sold for a very short time during the Fall 2008 season.[7] (MFF SF ¶ 2.)

Thus, MFF had ceased producing any shoes with the green-red-green ornamentation approximately nine months before Gucci brought this action against MFF. In *Mattel, Inc. v. Robarb's, Inc.*, 139 F. Supp. 2d 487, 495 (S.D.N.Y. 2001), the court found that the defendant's "willingness to yield once Mattel claimed infringement is indicative of good faith." *Id.*; *see also Nalpac, Ltd. v. Corning Glass Works*, 784 F.2d 752 (6th Cir. 1986). Hence, MFF's immediate willingness to yield *prior to* Gucci's claimed infringement, must also be considered an indication of good faith. For this reason, Gucci would not be entitled to an award of monetary damages on these styles even if it were able to establish a likelihood of confusion at trial.

---

*Disney Co.*, 736 F. Supp. 2d 689, 713-14 (S.D.N.Y. 2010), the Court declined to draw an inference of bad faith from copying, even though "Disney almost undoubtedly intended to copy THOIP's shirts," because of evidence that "Disney did not have the requisite intent to deceive." The same is true here.

[7] Gucci has repeatedly referred to these shoes in submissions and at conferences, undoubtedly because they are most similar in overall appearance to Gucci products as compared with the other 265 involved SKUs of Guess shoes.

### C. Gucci Has No Proof Of Damage Resulting From Alleged Post-Sale Confusion

Many courts, including this Court, have recognized that the vast majority of cases finding actionable post-confusion have involved counterfeit goods or cheap knock-off copies of the plaintiff's products. *See Louis Vuitton*, 561 F. Supp. 2d at 389, n. 141. In such cases, the harm to the trademark owner's goodwill is implicit, since causing confusion "is the entire purpose behind the manufacture of counterfeit goods." *See e.g. Chanel, Inc. v. Veronique Idea Corp.*, No. 10-civ-5287 (VM), 2011 U.S. Dist. LEXIS 721823, *8 (S.D.N.Y. June 27, 2011). In stark contrast, here, the Guess footwear products are clearly not counterfeits nor are they "cheap knock-offs." Rather, they are quality products marketed and sold under a famous brand name that enjoys its own distinct reputation and vast goodwill.

Under these circumstances, MFF submits that Gucci cannot rely on an inference of confusion or harm to support monetary relief on its post-sale confusion claims. Gucci must proffer some evidence of actual damage, such as proof that consumers purchased Guess footwear for the specific reason of achieving the status of, or to pass them off as, Gucci footwear. In the absence of such a showing, Gucci's claims for monetary recovery would be rendered speculative, and therefore, Gucci would not be entitled to any relief, especially monetary recovery, under its Lanham Act claims as a matter of law.[8]

---

[8] The doctrine of post-sale confusion has been criticized by commentators on various grounds, particularly as applied to luxury goods. *See,* Mark P. McKenna, *The Normative Foundations of Trademark Law*, 82 Notre Dame L. Rev. 1839, 1907-1908 (2007) (criticizing the post-sale confusion doctrine, "which calls for rank speculation about viewers' future purchasing intentions."); Glynn S. Lunney, Jr., *Trademark Monopolies*, 48 Emory L. J. 367, 404-08 (1999) (arguing that post-sale confusion "represents a radical shift from trademark's deception-based foundations."); David S. Welkowitz, *Trade Dress and Patent – The Dilemma of Confusion*, 30 Rutgers L. J. 289, 329-331 (1999) ("post-sale confusion doctrine stretches trademark law beyond consumer protection" and may act as a barrier to lawful competition because "the law is so broad and uncertain.").

### III. CONCLUSION

For the foregoing reasons, MFF respectfully requests that the Court grant Marc Fisher LLC's and Defendants' motion for summary judgment and dismiss Gucci's claims, with prejudice, and for any other and further relief as this Court may deem just, proper, and equitable.

DATED: New York, New York
December 12, 2011

HISCOCK & BARCLAY LLP

By: _____
Darren W. Saunders

Mark I. Peroff
Alpa V. Patel

Seven Times Square
New York, New York 10036
Telephone: (212) 784-5805
Facsimile: (212) 784-5757
E-Mail: dsaunders@hblaw.com
E-Mail: mperoff@hblaw.com
E-Mail: apatel@hblaw.com

*Attorneys for Defendant Marc Fisher LLC*