UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

GUCCI AMERICA, INC.,

        **Plaintiff,**

    - against -

GUESS? , INC., MARC FISHER
FOOTWEAR LLC, THE MAX
LEATHER GROUP/CIPRIANI
ACCESSORIES, INC., SEQUEL AG,
J&M ASSOCIATES L.P., VIVA
OPTIQUE, INC., SIGNAL PRODUCTS,
INC., and SWANK, INC.,

        **Defendants.**

------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/21/12

**MEMORANDUM OPINION
AND ORDER**

**09 Civ. 4373 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION AND BACKGROUND

       On February 14, 2012, this Court issued an opinion granting summary

judgment to Guess?, Inc., Marc Fisher Footwear LLC, the Max Leather

Group/Cipriani Accessories, Inc., Sequel AG, K&M Associates L.P., Viva

Optique, Inc., Signal Products, Inc, and Swank, Inc. (collectively, "Guess") with

respect to Gucci America, Inc.'s ("Gucci") trademark dilution claims stemming

from Guess's use of the Square G and Quattro G designs.[1]  In a letter to the Court

dated February 17, 2012, Gucci sought to clarify that this grant of summary

judgment applied only to its claims for monetary relief, and that its claims for

injunctive relief remained viable.[2]  In a responsive letter dated and received the

next day, Guess sought clarification on two factual matters.  *First*, it sought to

correct a typographical error regarding the date when Gucci first used its Stylized

G design on watches and clocks.  *Second*, it sought a clear statement that Gucci

received trademark registrations for the Stylized G in 1997, 1999, and 2006 in

various classes of goods.[3]

For the reasons given below, this Court now clarifies that Guess is

entitled to summary judgment on Gucci's trademark dilution claims relating to the

Square G and Quattro G designs only insofar as they seek *monetary* relief.  Guess

is not entitled to summary judgment with respect to those marks on the issue of

*injunctive* relief.  The Court also adopts the factual clarifications that Guess seeks.

---

[1]     *See Gucci America, Inc. v. Guess?, Inc.*, 09 Civ. 4373, 2012 WL
456519, at *11 (S.D.N.Y. Feb. 14, 2012) ("Summary Judgment Opinion").  All
other claims for summary judgment were denied.

[2]     *See* 2/17/12 Letter from Louis S. Ederer, Counsel for Gucci, ("Ederer
Letter") at 2.  Mr. Ederer's sur-reply letter, dated February 19, 2012, raises no
issues that require discussion in this Opinion.

[3]     *See* 2/18/12 Letter from Robert C. Welsh, Counsel for Guess, ("Welsh
Letter") at 2.

These clarifications, however, do not change the denial of summary judgment with respect to monetary relief as it relates to Gucci's claim for trademark infringement stemming from Guess's allegedly infringing use of the Square G design.

## II.   APPLICABLE LAW

### A.   Standards of Proof for Trademark Dilution Claims

As noted in the Summary Judgment Opinion, trademark dilution claims are judged under one of two standards: "actual confusion" or "likelihood of confusion." The former standard is used for marks first used in commerce prior to October 6, 2006, whereas the latter standard applies to marks first used in commerce after that date.[4] The Summary Judgment Opinion failed to note, however, that this differentiation only applies to claims for *monetary* relief. As the Second Circuit has made clear, the "likelihood of dilution" standard applies to all trademark dilution claims with respect to *injunctive* relief.[5]

### B.   The Effect of Trademark Registration Under the Lanham Act

The lack of actual knowledge is not a defense to a trademark infringement claim when the trademark at issue is registered. This is so because the registration of a trademark provides nationwide constructive notice of the

---

[4]      *See* Summary Judgment Opinion, 2012 WL 456519, at *4.

[5]      *See Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 477 F.3d 765, 766 (2d Cir. 2007).

trademark.[6] As noted in the Summary Judgment Opinion, this means that the owner of a trademark must prove actual knowledge in order to obtain relief for pre-registration infringement.[7]

## III.    DISCUSSION

### A.    The Pham Report Raises a Genuine Issue of Material Fact as to the Likelihood of Dilution Caused by Guess's Use of the Square G and Quattro G Designs

As this Court has already stated, Guess's expert, Dr. Michel Tuan Pham, concluded that Guess's use of the marks at issue in this case were likely to dilute Gucci's designs by applying "his expertise regarding, among other things, 'brand-related associative network[s]' and 'a well-known model of perceived similarity' to his own analysis of the allegedly infringing and genuine marks . . . ." In the Summary Judgment Opinion, this Court found that Dr. Pham's conclusions raised a genuine issue of material fact as to the likelihood of dilution with respect to the GRG Stripe and Script Guess designs.[8]

---

[6]    *See Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 362 (2d Cir. 1959) (holding that the Lanham Act eliminated lack of knowledge as a defense to trademark infringement based on a registered mark).

[7]    *See* Summary Judgment Opinion, 2012 WL 456519, at *7.

[8]    *See id.* at *9. Contrary to Gucci's letter, the Summary Judgment Opinion did not apply the "likelihood of dilution" standard to the Script Guess mark with respect to Gucci's claims for monetary relief. *See* Ederer Letter at 2 n.1. Instead, the Court denied summary judgment as to monetary relief because there

Taken in context, however, Dr. Pham's conclusion applies with equal force to the Square G and Quattro G designs.[9]  Accordingly, there is also a genuine issue of material fact as to the likelihood that Guess's use of those designs will dilute the relevant Gucci designs.  Therefore, summary judgment on Gucci's claims for *injunctive* relief based on Guess's use of the Square G and Quattro G designs is denied.[10]

### B.    Guess's Factual Clarifications Are Adopted, But Do Not Affect the Summary Judgment Opinion

Relying on a typographical error in the Second Amended Complaint, this Court incorrectly noted that Gucci first used the Stylized G in commerce on watches and clocks in 1966.[11]  In this class of goods, the design was in fact first used in commerce in 1996, while the trademark registration was not issued to

---

was a disputed issue of fact as to which standard of dilution to apply.  *See* Summary Judgment Opinion, 2012 WL 456519, at *10.

[9]    *See* Expert Report of (Michel) Tuan Pham, Ph.D. ("Pham Report"), Ex. C to Ederer Decl., at 32, 46.

[10]    The decision to grant summary judgment with respect to Gucci's claims for monetary relief stemming from Guess's use of these two designs remains in effect.

[11]    *See* Summary Judgment Opinion, 2012 WL 456519, at *7 (citing Second Amended Complaint at ¶ 29).

Gucci until March 23, 1999.[12]  In the class of goods encompassing handbags, belts, and gloves, the Stylized G was first used in commerce in March 1995, with the trademark registration issuing on March 11, 1997.[13]  Finally, Gucci first used the Stylized G in commerce on eyeglass frames and sunglasses in 1997, and received a trademark registration in that class of goods on January 3, 2006.[14]  As Guess correctly notes, these now-clarified facts show that it cannot  – at least for purposes of summary judgment  – be charged with constructive knowledge of the Stylized G design based on Gucci's registration, as it first used the Square G design in commerce in 1996, well before Gucci first registered the Stylized G.[15]

The foregoing clarifications also reveal that Gucci used the Stylized G in commerce at least nine months earlier than Guess used its own Square G design. Drawing all reasonable inferences in Gucci's favor, this raises a genuine, material issue as to whether Guess had *actual* knowledge of Gucci's Stylized G when it introduced its Square G design.  For this reason, and for all the other reasons noted in the Summary Judgment Opinion, the fact that Gucci is not entitled to a

---

[12]    *See* Gucci's Rule 56.1 Statement ("Gucci 56.1") ¶ 17; Welsh Letter at 6.

[13]    *See* Gucci 56.1 ¶ 17; Welsh Letter at 7.

[14]    *See* Gucci 56.1 ¶ 17; Welsh Letter at 5.

[15]    *See* Welsh Letter at 2; Guess's Rule 56.1 Statement ¶ 21.

*constructive* knowledge inference based on its Stylized G registrations does not mean that Guess is entitled to summary judgment with respect to Gucci's trademark infringement claim based on the Stylized G.

Guess also states that this Court failed to consider its claim that Gucci produced no evidence that the Stylized G was famous when Guess introduced the Square G design.[16] As noted in the Summary Judgment Opinion, however, Gucci's use of the Stylized G in an advertising campaign in 1995 is sufficient to raise a dispute of fact that as to when the design became famous.[17] Accordingly, Guess's argument as to the fame of Gucci's Stylized G design has no merit.

## V.    CONCLUSION

For the reasons given above, the Summary Judgment Opinion is clarified in the following respects:

1) Guess's summary judgment motion as to Gucci's claims for injunctive relief stemming from Guess's allegedly diluting use of the Square G and Quattro G designs is denied;

2) Gucci was issued trademark registrations for the Stylized G on March 11, 1997, March 23, 1999, and January 3, 2006; and

---

[16] *See* Welsh Letter at 2.

[17] *See* Summary Judgment Opinion, 2012 WL 456519, at *7.

3) Guess cannot be charged with constructive knowledge of the Stylized G design based on Gucci's registrations thereof to the extent that Guess used the Square G design *before* such registrations issued.

The Summary Judgment Opinion remains in effect in all other respects.  The final pre-trial conference remains scheduled for March 13, 2012 at 5:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
   February 21, 2012

-Appearances-

**For Gucci America:**

Louis S. Ederer, Esq.
John Maltbie, Esq.
Matthew T. Salzmann, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000

**For Guess?, Inc., Marc Fisher Footwear LLC, The Max Leather Group/Cipriani Accessories, Inc., Sequel AG, K&M Associates L.P., Viva Optique, Inc., Signal Products, Inc., Swank, Inc.,:**

Robert C. Welsh, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, California 90067
(310) 553-6700

**For Guess?, Inc.:**

Andrew J. Frackman, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036
(212) 326-2000

Daniel M. Petrocelli, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, California 90067
(310) 553-6700

**For Marc Fisher Footwear LLC:**

Darren W. Saunders, Esq.
Hiscock & Barclay, LLP
7 Time Square
New York, New York 10036
(212) 784-5800

Alpa V. Patel, Esq.
Hiscock & Barclay, LLP
2000 HSBC Plaza, 20th Floor
Rochester, New York 14604
(585) 295-4438

**For The Max Leather Group/Cipriani Accessories, Inc. and Signal Products, Inc.:**

John T. Williams, Esq.
Hinkhouse Williams Walsh LLP
180 North Stetson Street, Suite 3400
Chicago, Illinois 60601
(312) 268-5767

**For Signal Products, Inc.:**

Kristin Marie Darr, Esq.
Steptoe & Johnson, LLP
750 Seventh Avenue, Suite 1900
New York, New York 10019
(212) 506-3900

Michael R. Heimbold, Esq.
Steptoe & Johnson, LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
(310) 734-3200

**For Swank, Inc.:**

Abigail Anne Rubinstein, Esq.

Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, District of Columbia 20036
(202) 429-3068

Paul Fields, Esq.
Karin Fromson Segall, Esq.
Leason Ellis LLP
81 Main Street, Suite 503
White Plains, New York 10601
(914) 288-0022

Atul R. Singh, Esq.
Darby & Darby, P.C.
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 527-7700